HERMAN WERNER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

An indictment charging that the defendant did, on the fourth day of April, 1873, being Sunday, keep open a tippling house, when in fact the said fourth day of April was Friday, is not a good indictment, and a motion in arrest of judgment should have been sustained.

Criminal law. Indictment. Before Judge HOPKINS. Fulton Superior Court. October Term, 1873.

Werner was placed on trial upon an indictment charging him with the offense of misdemeanor, the only material portion of which was as follows: "For that the said Herman Werner, in the county aforesaid, on the fourth day of April, in the year of our Lord, eighteen hundred and seventy-three, being the Sabbath day, did keep open a tippling house." The defendant pleaded not guilty. The jury found to the contrary. He moved that judgment be arrested because the indictment showed upon its face that the day on which the tippling house was kept open, was not the Sabbath, as the court must take judicial notice of the fact that April 4th, 1873, was a week-day. The motion was overruled and defendant excepted.

L. E. BLECKLEY, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

TRIPPE, Judge.

The indictment charged the defendant with keeping open a tippling house "on the fourth day of April, 1873, being the Sabbath day." The fourth day of April, 1873, was Friday. Was it a good indictment? We are fully aware of the general rule, that though a day and year must be alleged in every indictment, time is not material, and that a different day from the one laid may generally be proved, provided it be within the period prescribed by the statute of limitations. But there

are several exceptions which prevent the rule from being of universal application.    One is where written instruments are pleaded.    If their dates be stated they must correspond with the dates of those produced in evidence.    If any date is given in the pleading which is to be proved by matter of record, it must be proved as stated: 11 East, 508 ; 4 T. R., 590.    So when time is of the essence of the offense, it must be correctly alleged and proved.    In this case, keeping open a tippling house is not an offense prohibited by law.    It becomes penal only by its being done on the Sabbath day.    It is the time *when—the character of the day on which the act is done*—that constitutes the offense.    It was no violation of law to keep open the house, nor to keep it open on Friday, nor on the fourth day of April, 1873, or the fourth day of any other month, that did not fall on Sunday.

As courts will judicially recognize the coincidence of the days of the month with those of the week, (1 Greenleaf's Evidence, section 5,) this indictment was equivalent to charging the defendant with keeping open a tippling house on Friday, the 4th day of April, 1873, being the Sabbath day. Could an indictment be sustained with such a flat contradiction on its face ?    It alleges the act to have been done on one day, which would have made it an innocent act.    Could that act be converted into a criminal one by stating that the day already given was a day which it was not and could not be ? Take the case where the doing certain things within a certain period of time is prohibited—such as killing or hunting certain animals or game in specified localities between the first of March and the first of September—if a defendant were indicted for having violated such a statute on the first day of October, would not the indictment be bad, although it had the further allegation that the day stated was within the prohibited time ?    There must be some certainty in pleadings, both civil and criminal.    In the case of the United States *vs.* Brown, 3 McLean, 233, it was held that the rules of pleading are the same in civil and criminal cases.    This is generally true, and many of the elementary writings give the same

general rules as governing the pleadings in both classes of cases: 3 Starkie on Evidence, 1539, 1542; 1 Chitty's Pleadings, 263; 1 Chitty's Criminal Law, 294, 295. Now, if a declaration alleged that the defendant was indebted to plaintiff a certain sum, and on a certain day *had paid* it, or on a certain day *had paid* a claim which was now *due and unpaid*, would not the pleadings or petition be void for uncertainty, and demurrable? And if an indictment show in one part that the defendant has violated no law, can it hold him as guilty because it so charges him in another part, by stating facts in utter conflict with the preceding allegation? Pleadings which are so contradictory, or which contain such conflicting statements that they show nothing, are a legal nullity, or at least no legal judgment can be rendered on them. The holding we make is not in conflict with what was said in *Connor vs. The State*, 25 *Georgia*, 515, that an indictment is good although an impossible day be stated as that on which the offense was committed. In that case, time was not of the essence of the offense. The act charged was a crime, no matter what the day or year was on which it was committed, provided it was within the statute of limitations. What has been said shows that this decision is put on altogether different grounds than those set up in the remarks of Judge LUMPKIN in *Connor vs. The State*. Judge BENNING, in his concurring opinion in that case, (Judge McDONALD dissented from the judgment rendered,) recognized that there were cases where time was a matter affecting the real merits of the case. The same was done in *Dacey vs. The State*, 17 *Georgia*, 439. Where that is so, as it is here, an indictment cannot be sustained, which, charging an act to have been done on Friday, thereby showing it an innocent act, seeks to convert it into a criminal one by calling Friday the Sabbath day. Mere technicalities may generally be disregarded, but distinct, clear and irreconcilable contradictions vitiate pleadings both criminal and civil.

Judgment reversed.