WRIGHT, comptroller-general, for use, etc., *v.* ALABAMA GREAT
SOUTHERN RAILROAD COMPANY.

GEORGE, J. 1. The act of the General Assembly approved August 15,
1914 (Acts 1914, p. 246), entitled " An act to create a board of com-
missioners of roads and revenues for the County of Dade; to provide
for the selection of said commissioners who shall constitute the board;
to prescribe their terms of office, their duties, fix their salaries, and for
other purposes," confers upon the board of commissioners of roads
and revenues the exclusive power, theretofore exercised by the ordinary,
to levy a tax for the maintenance of the public roads of Dade County.
See Rawls County *v.* U. S., 105 U. S. 733 (26 L. ed. 1220) ; *Pennington*
*v. Gammon,* 67 *Ga.* 456; *Garrison* v. *Perkins,* 137 *Ga.* 751, 752 (74 S.
E. 541) ; *Matthews* v. *Hussey,* 148 *Ga.* 526 (97 S. E. 437).

2. A county, after having adopted the alternative road law as embodied
in the Civil Code (1910), §§ 694 et seq., and after having levied the
maximum rate of four dollars per thousand for the maintenance of the
public roads of the county, can not levy an additional or special tax
for that purpose. See *Central of Georgia Railway Co.* v. *Meriwether*
*County,* 148 *Ga.* 423 (96 S. E. 884).

*All the Justices concur except Gilbert J., absent for providential cause.*

No. 1722. APRIL 15, 1920.

This case came before the Supreme Court upon questions cer-
tified by the Court of Appeals (in Case No. 10500), as follows:

" 1.    Does the act of the General Assembly of the State of
Georgia, approved August 15, 1914 (Acts of 1914, p. 246), en-
titled 'An act to create a board of commissioners of roads and
revenues for the County of Dade; to provide for the selection
of said commissioners who shall constitute the board; to prescribe
their terms of office, their duties, fix their salaries, and for other
purposes,' confer exclusive authority upon the said commissioners
to levy a tax for the maintenance of public roads of Dade county;
or is that authority, under the provisions of this act, still vested
in the ordinary of that county?

" 2.    Having levied the maximum tax of four dollars per thou-

sand under the act of the General Assembly approved October 21, 1891, known as the alternative road law (Civil Code of 1910, § 694 et seq.), did either the ordinary or the board of commissioners of Dade County have the authority to levy a special or additional tax to maintain the public road, in excess of four dollars per thousand?"

*Martin G. Smith,* for plaintiff in error.

*Maddox, McCamy & Shumate* and *S. J. Hale,* contra.