BAHNSEN, veterinarian, *v.* BUIE *et al.,* commissioners.

1. A former judgment in mandamus proceedings between the same parties is not conclusive in this case, either as res adjudicata or as estoppel, where the same has not been pleaded nor submitted in evidence.
(a) Though the record in the former case was ordered by the court, upon application of the defendants in error, to be sent up as additional record, it can not be considered as such, as it was not a part of the record in this case in the court below.
2. The petition for mandamus in this case contains distinct and sufficient allegations showing the failure upon the part of the commissioners of roads and revenues of the county in question to comply with the requirements of section 2 of the act approved August 17,

1918 (Acts 1918, p. 256) ; and the judge erred in refusing; upon consideration of the petition presented to him, to issue a mandamus nisi.

No. 3287. FEBRUARY 10, 1923.

Petition for mandamus. Before Judge Highsmith. Camden superior court. June 6, 1922.

On June 3, 1922, P. F. Bahnsen, veterinarian of the State of Georgia, presented to the judge of the superior court of the Brunswick Circuit, which embraces the County of Camden, his petition for a mandamus nisi against J. C. Buie and others, commissioners of roads and revenues for said county, alleging that these commissioners are in charge of county affairs and are charged with the duty of constructing such number of dipping-vats as may be fixed by the State veterinarian, and of providing proper chemicals and other materials necessary in the work of tick eradication, appointing inspectors, etc., and taking other measures to complete the work of tick eradication; but that they have failed, refused, and neglected to perform the duties imposed upon them by statute; that Camden County is tick-infested territory, and the cattle therein are and have been infected with the cattle-fever tick, margaroups annulatus, and have been exposed to the infection since January 1, 1921. It is shown that on March 11, 1922, the State veterinarian presented his petition as such to the superior court, setting up the failure of the defendants to perform their duty as required by the act of the General Assembly, entitled "An act for the eradication of the cattle tick," etc., approved August 17, 1918 (Acts 1918, p. 256) ; that the defendants filed their answer thereto, admitting their failure to put the act of the General Assembly into effect, but alleging their readiness to comply with the tick-eradication law, setting up, however, that they had no funds with which to carry on the work, that the county was in debt in the sum of $11,344, and that they were contracting with the State Highway Department to pay one half of a $30,000 expense about to be incurred for roads. The court, having taken that case under consideration, passed, on April 13, 1922, an order denying a mandamus absolute, and expressing his faith in the answer of the commissioners. The order refusing the mandamus was passed "without prejudice to the rights of the relators to renew the action, should proper cause appear therefor." Petitioner averred that after the filing of the answer by the commissioners, they, on the first Monday in April, 1922, expended the sum of $3,488, and on

the first Tuesday in May they expended the sum of $8,726; and that none of these expenditures were made for the purpose of tick eradication. Petitioner prayed that a mandamus nisi issue, directed to the defendants, requiring them to show cause why a mandamus absolute should not be granted, requiring them to construct such number of dipping-vats as should be fixed by the State veterinarian or his authority, and take such other necessary steps to complete the work of tick eradication.

The judge took the petition under consideration, and on June 6, 1922 passed an order refusing to issue a mandamus nisi. In his order he referred to the former petition presented by the State veterinarian, and called attention to the fact that it is not alleged that the veterinarian had designated the number of vats to be constructed, and that there was no sufficient allegation of a demand upon the commissioners to perform the duties sought to be required, and that the petitioner does not disclose the number of vats nor the material required. The court recited also the answer of the commissioners filed in the former case, and the fact that upon the hearing he had refused the mandamus absolute. The court also expressed his confidence in the good faith of the commissioners, who avowed their purpose to proceed with the work of tick eradication; and his opinion that their proposal to levy a tax for this purpose for this year is reasonable and proper, and all that should be required. The order refusing the mandamus nisi further says: "Within less than 60 days from the rendition of such order and judgment, and after presentation of bill of exceptions thereto, and before the expiration of the time within which provision may be made for raising necessary funds, relator presents the present petition on the same state of facts, with no new matter set up other than the commissioners have expended certain sums for certain stated purposes. May the court take cognizance of what has just transpired before the court between the same parties with respect to the same subject-matter; or is the court required to again issue a rule nisi immediately upon the conclusion of the hearing of the first, and require the parties to again answer with respect to a matter as to which hearing has just been had?"

*S. C. Townsend,* for plaintiff.

*Cowart & Vocelle,* for defendants.

BECK, P. J. (After stating the facts.)

1. We are of the opinion that the court erred in refusing a mandamus nisi. It is true that a mandamus absolute had been refused some two months before, upon similar petition and answer filed. That petition and answer and the judgment of the court are attached to this record, having been sent up as a part of the record on a petition filed therefor by the defendants in error. Manifestly it can not be considered a part of the record; it was not introduced in evidence, and is not a part of the pleadings. Inasmuch as this former petition and answer thereto had never been made a part of the record in the present proceedings, the defendants in error could not avail themselves of the provisions contained in section 6149, par. 1, of the Civil Code, which relates to the subject of procuring additional record by the defendant in error, " who desires more of the evidence, or other parts of the record, or all of the evidence, or all of the record sent up." The references to the record in the former case in the petition in this case and in the judge's order do not authorize this court to hold that there had been a former adjudication, or that that was an estoppel by judgment which would prevent the petitioner from maintaining the present proceedings. And inasmuch as we can not consider copies of the former petition, answer and judgment, there is nothing in the record to show that there has been an adjudication adverse to petitioner upon the issues here involved, or that he is estopped by the judgment in the former case, even though he fails to allege facts showing such a change in the circumstances as would authorize him to maintain a second petition for mandamus. To render the former petition for mandamus, the answer, and the judgment of the court effective as a former adjudication or estoppel conclusive against the petitioner in the present case, it should have been pleaded, or at least introduced in evidence.

2. We are now brought to the consideration of the question as to whether the application for mandamus was sufficient to require the issuance of a mandamus nisi, in answer to which the respondents would have been required to show cause. Section 2 of the act approved August 17, 1918, which is an act to provide for tick eradication throughout the State (Acts 1918, p. 256), reads as follows: " Sec. 2. Be it further enacted, that on or before the first day of April, 1919, the ordinary, county commissioners,

or officers in charge of the county affairs in each and every county where tick eradication has not been completed shall construct such number of dipping-vats as may be fixed by the State veterinarian, or his authority, and provide the proper chemicals and other materials necessary to be used in the systematic work of tick eradication in such counties, which shall begin on said date or such subsequent date as may be fixed by the State veterinarian, with the approval of the commissioner of agriculture. If the ordinary, county commissioners, or officials in charge of county affairs of any county shall fail, refuse, or neglect to comply with the provisions of this act, on or before the first day of April, 1919, the State veterinarian shall apply to any court of competent jurisdiction for writ of mandamus, or shall institute other legal proceedings as may be necessary and proper to compel such official to comply with the provisions of this act." The petition in this case by its allegations distinctly and clearly shows that the county commissioners had failed to perform the duty imposed upon them under the plain terms of this statute. The petition says, in substance, that such and such duties were required of the commissioners of roads and revenues of the county, under existing circumstances clearly described, and that the defendants failed, refused, and neglected to perform those duties. The statute points out that mandamus is one remedy to compel the performance on the part of the county authorities charged with the duties enumerated in the section quoted. Under these allegations in the petition it is the duty of the court to issue the mandamus nisi. Possibly, upon the filing of special demurrers, the defendants would have been entitled to more specific information as to the number of vats, etc., required; or by plea and answer they might have shown the court that the facts alleged were not true, or that they would be entitled to more time to raise the money with which to carry out the requirements of the law; or that there had been an adjudication upon a similar petition and the answer thereto; and they might set up this as res adjudicata, or as estoppel, in case there had been no such lapse of time or change in the circumstances as would authorize the petitioner to bring this second application for mandamus.

*Judgment reversed. All the Justices concur, except Russell, C. J., dissenting, and Atkinson, J., disqualified.*

2

RUSSELL, C. J., dissenting. I agree to the proposition stated in the subdivision (a) of the first headnote; and for the reason therein stated it is proper for this court to sustain the motion to expunge from this record the transcript of the record in a former case between these same parties. A reviewing court can never consider anything not brought before the lower court.

But I think that a judge of the superior court may, and ought to, consider the allegations in a petition for mandamus before granting a mandamus nisi. The relief prayed for is extraordinary. The remedy sought is summary. The petition for mandamus invokes exercise of extraordinary powers. The exercise of these powers may be drastic and the consequences may be far-reaching. I recognize, of course, the general rule stated in the first division of the first headnote, to the effect that a former judgment in mandamus proceedings between the same parties is not conclusive either as res adjudicata or estoppel, unless it is pleaded or submitted in evidence. But in my opinion this principle was not applicable in the consideration of the question as to whether a mandamus nisi should be granted by the judge of the superior court as and when the petition was presented. The rule just mentioned refers generally to instances where an action is sought to be barred by a plea of res adjudicata, or by such a course of conduct on the part of a party that he is estopped either in equity and good conscience or by law from the enjoyment of a right to which he might otherwise have been entitled. The rule is one which generally applies to the defendant, though in the course of an action it may be of use to the plaintiff.

However, in my opinion, the rule has no application in the present case, which is an instance of an ex parte presentation to a judge by the plaintiff of his petition for mandamus. The judge, in the exercise of sound judicial discretion, is to determine whether the case as presented by the plaintiff himself calls for the supervisory intervention of the law and superintendence and mandatory directions to the application of a summary remedy. The judge has before him only the plaintiff's petition. By what shall he be guided? Manifestly by the statements of the petition, accepted as the truth, and by nothing else. The time for application of rules of pleading and evidence has not arrived. If he can understand the petition, and the statements therein are true, he must

determine the question whether a rule nisi shall or shall not be granted, by the statement of facts contained in the petition, without the application of any technical rules relating to or affecting the proper method in which said statements should properly be presented.

It is true that if the defendants in this case had relied upon res adjudicata as a defense, a plea to that effect would have had to be accompanied by a copy of the entire record of the former adjudication pleaded in bar, and a plea of estoppel by judgment would have likewise been incomplete unless the record was ex-. hibited. But on the presentation of the petition for a mandamus nisi, a statement in the petition that there had been a former judgment against the petitioner, which had not been excepted to, should, I think, have been treated (just as the trial judge treated it) as the statement of a fact, although *upon a trial* the statement as made would be demurrable, and if properly objected to should be stricken unless amended. It appears from the order of the trial judge in the case at bar, as set out in the bill of exceptions, that after the refusal of the court, on April 13, 1922, to grant a mandamus absolute in a former application as set forth in the plaintiff's petition in the case at bar, the plaintiff sued out, on May 4, 1922, a bill of exceptions, which was certified by the trial judge, and that within thirty days from that time the petition in the present case was presented. This after the court had pointed out in his order (which is in the record) that the proposal of the county commissioners " to levy a tax for this purpose for the current year is reasonable and proper, and all that should be required, it not being alleged nor appearing that funds for this purpose have heretofore been raised by tax levy or are otherwise on hand," and had withheld the grant of a mandamus absolute without prejudice to the right of the relator to hereafter renew the same should proper cause appear therefor.

For myself, reviewing the case by the light of the record and nothing else, I am prepared to hold that a judge of a superior court is clothed with such discretion (especially in a case of mandamus brought to compel the performance of a duty by officers under oath, and who are presumed by law to be doing their duty) as that he is not required to again issue a rule nisi immediately upon the conclusion of a hearing of a former petition for manda-

mus between the same parties, and to compel the defendants in the petition to again answer with respect to a matter upon which a hearing had been had within a period of sixty days, and as to which the judge had certified a bill of exceptions.

Without extending this dissent by reference to other portions of the petition, I am content to say that, in my opinion, the allegations of the petition itself (especially when construed, as they must be, most strongly against the pleader) did not require the grant of a mandamus nisi; and for that reason I think the judgment should be affirmed.