CARTER, tax-collector, *et al. v.* SHINGLER REALTY COMPANY *et al.*

HINES, J. 1. "A county, after having adopted the alternative road law as embodied in the Civil Code (1910), § 694 et seq., and after having levied the maximum rate of $4 per thousand for the maintenance of such system, cannot levy an additional tax under the provisions of the act of the General Assembly of September 19, 1908 (Acts 1908, p. 1119), for the support of a chain-gang to be used upon the public roads, bridges, or other public works of the county." *Central Ry. Co.* v. *Meriwether County,* 148 *Ga.* 423 (96 S. E. 884); *Wright* v. *Ala. Great So. R. Co.,* 150 *Ga.* 140 (102 S. E. 821).

(a) It necessarily follows that a county, after having adopted the alternative road law, cannot levy a tax greater than $4 per thousand for the support of the chain-gang used upon the public works of the county.

(b) In *Garrison* v. *Perkins,* 137 *Ga.* 744 (74 S. E. 541), and in *McGregor* v. *Hogan,* 153 *Ga.* 474 (112 S. E. 471), the counties had not adopted the alternative road law.

2. The levy of a tax for tick eradication is one for a county purpose, and the sum of this tax and other items of county taxation must not exceed 50 per cent. of the State taxation, except as otherwise provided by law. *McMillan* v. *Tucker,* 154 *Ga.* 154 (9) (113 S. E. 391); Civil Code (1910), § 508. A tax for tick eradication does not fall within any exception to the above general rule. Nothing to the contrary was held in *Bahnsen* v. *Buie,* 155 *Ga.* 13 (115 S. E. 909), where this court was dealing solely with the question whether a petition for mandamus made a case which required the judge to issue a mandamus.

*Judgment affirmed. All the Justices concur.*

No. 3907. DECEMBER 13, 1923.

Injunction. Before Judge Custer. Miller superior court. May 26, 1923.

The Board of Commissioners of Roads and Revenues of Miller County levied a tax of 28½ mills, including 5 mills for county-wide school tax, for county purposes for the year 1922. This levy was as follows: "Be it resolved by the Commissioners of Roads and Revenues of Miller County, Georgia, that twenty-eight and one-half (28½) mills, or $28.50 on the thousand dollars, be and the same is hereby assessed, levied, and fixed as the rate of taxation for county purposes on all taxable property in the County of Miller for the year 1922, and the tax-collector of said county is hereby ordered to make out and collect for county taxes at said rate for the year. It is further ordered that said taxes be apportioned and used for the following specific purposes, to wit: 1st. To pay the legal indebtedness of the county due or to become due during the year, or past due, $2.50 on the thousand dollars. 2nd. To pay for the repairs of the court-house, jail, bridges, etc., $.60 on the thousand dollars. 3rd. To pay sheriffs', jailers', and other officers' fees to be paid for by the county, $.80 on the thousand dollars. 4th. To pay coroner's fees for holding inquests, $.05 on the thousand dollars. 5th. To pay expenses of bailiffs at court, non-resident witnesses in criminal cases, fuel and stationery, servant's hire and the like, $.30 on the thousand dollars. 6th. To pay jurors' per diem, $1.60 on the thousand dollars. 7th. To pay expenses in support of the poor of the county, $.60 on the thousand dollars. 8th. To pay expenses

of superior and city courts, salaries of judges and solicitors, $2.10 on the thousand dollars. 9th. To pay expenses of maintaining public roads and convicts, which will be known as 'public works' fund, $9.75 on the thousand dollars. 10th. To pay for the expenses of the eradication of the cattle tick, which will be known as the 'dip-vat' fund, $1.60 on the thousand dollars. 12th. To pay for the support of the public schools of the county, upon the recommendation and request of the board of education of said county, under authority of an amendment of par. 1, sec. 4, and art. 8 of the constitution of Georgia, adopted at the general election held in 1920, $5.00 on the thousand dollars. 11th. To pay any other lawful expenses against the county, $1.35 on the thousand dollars. 13th. To pay bridge bonds (premium and interest) and known as a sinking-fund, $2.25 on the thousand dollars. Be it further ordered that a copy of the foregoing order be given to the tax-collector, and that the same be advertised as required by law, by posting a copy at the door of the court-house, and publishing the same in the Miller County Liberal for thirty days, and be entered on the minutes."

Certain taxpayers of the county filed their petition against the tax-collector of Miller County, the sheriffs of Miller and Seminole Counties, and the Board of Commissioners of Roads and Revenue of Miller County, to enjoin items 1, 3, 4, 5, 8, 10, and 11 of said levy, on the ground that the total of these items exceeded 50 per cent. of the State tax, and that for this reason these items were void. Petitioners further attacked item 9 of said levy, on the ground that it exceeds by $5.75 the amount of $4.00, which was the maximum sum which could be levied under the alternative road law in the county. It was admitted that prior to the act of September 19, 1908 (Acts 1908, p. 1119), Miller County had been working its public roads under the alternative road law, and that system of working these roads had not been abolished by any action of the grand jury. It was further shown that the county commissioners since the act of 1908, and including the year 1922, had levied a commutation tax on the citizens of Miller County under the alternative road law; that after the passage of the act of 1908, Miller County, through its board of commissioners, had applied to the State Prison Commission for its quota of male convicts; and that said convicts had been apportioned by the Prison Commission

to the county. At the October term, 1905, of Miller superior court the grand jury recommended that the board of commissioners put into effect, at as early a date as possible, the alternative road law. At the October term, 1910, the grand jury recommended "the present system of working the public roads, and the commutation tax remain $3.00 per year." At the same term the grand jury recommended "that we have pro rata share of State convicts, also the city-court convicts, to be worked on the public roads of Miller County," and "that there be a commutation tax of three dollars per year of all parties subject to road duty." At the April term, 1911, the grand jury recommended that the county commissioners hire labor and have the public roads "put in passable condition until they can be reached by the road machines," and they further recommended that the alternative road fund provided in sections 694-704 of the Code of 1910 be adopted for the county, and that the roads of the county be worked and maintained in accordance therewith. After the passage of the act of 1908 the county received and continued to receive its quota of convicts. No ad valorem tax was levied by the county commissioners, as authorized by section 696 of the Civil Code, for the purpose of working the public roads of the county under the alternative road law. No such tax was levied in 1922, but the amount of $9.75 on the thousand dollars, as shown in item 9, was levied to pay the expenses of maintaining and equipping the convicts received from the State and in working the public roads of the county with such convicts.

On the hearing the trial judge enjoined the collection of item nine, except to the amount of $4.00, item eight except the amount of 30 cents on the thousand dollars to pay the judge of the city court of Miller County, and items 3, 4, 5, 6, 10, and 11, and the remainder of item 8 referred to above, except that $2.50 may be collected to meet current expenses of the county for the year 1922. To this judgment the defendants excepted. In his brief counsel for the plaintiffs in error insisted that the trial judge only erred in enjoining items nine and ten of this levy, the former levied for maintaining the public roads, and the latter for the eradication of ticks.

*N. L. Stapleton,* for plaintiffs in error.

*A. S. Bussey* and *W. L. Bryan,* contra.