## UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* KOEHLER *et al.; et vice versa.*

The only equitable feature of the case having been removed by the allowance of an amendment to the petition, the jurisdiction on writ of error is in the Court of Appeals, not the Supreme Court.

Nos. 4678, 4679. FEBRUARY 26, 1926.

Exceptions to auditor's report. Before Judge Ellis. Fulton superior court. December 9, 1924.

*Smith, Hammond & Smith,* for plaintiff in error.

*Dorsey, Brewster, Howell & Heyman, Mark Bolding,* and *Spalding, MacDougald & Sibley,* contra.

---

Courts 15 C. J. p. 1039, n. 52.

ATKINSON, J. A conditional contract for lease of a certain brick kiln was executed. A bond to the lessee was executed by the lessor as principal, and a surety company as security, for faithful performance of clause four of the contract by the lessor. The bond contained the provision that the surety shall not be "subject to any suit, action, or other proceeding thereon that is instituted later than the 3rd day of February, 1913." A suit was instituted for breach of the bond after the above date. The petition alleged that after execution of the bond and prior to February 3, 1913, the parties made an agreement to modify the contract, which was expressed by exchange of letters between the lessee and the surety company that were set out in the petition. The letters did not purport to modify the above-quoted clause of the bond. An amendment to the petition was filed, seeking to reform the contract on the ground that the agreement to modify included modification of the above-quoted clause of the bond, but alleging that such part of the agreement was omitted from the letters by mutual mistake of the parties. The case was submitted to an auditor, and his report found against the application to reform the contract. The plaintiff filed exceptions of law and fact to the auditor's report, and at a hearing the judge announced his decision against the exceptions; and while a judgment was being prepared by the defendant, the plaintiff presented another amendment to the petition, alleging facts relied on as a waiver by the defendant, and estoppel from insisting on the said quoted clause of the bond. The amendment was allowed, and the entire case recommitted to the auditor. No judgment was ever rendered overruling or otherwise disposing of the above-mentioned exceptions to the auditor's report, and consequently there were no further proceedings with reference to them. The auditor heard the case on the second reference, and made his report, to which there were exceptions by the plaintiff and defendant, and a final judgment to which both parties excepted separately; but all the proceedings after the above amendment setting up waiver and estoppel, in so far as they related to said clause of the bond, were on the basis of waiver and estoppel and not upon the basis of a right to reform the written contract. In these circumstances the allowance of the last amendment and subsequent proceedings was the equivalent of striking the equitable features

from the case, and rendered it in its finality a purely common-law proceeding on the contract. The case being thus stripped of its only equitable feature—that is the prayer for reformation, the Supreme Court has not jurisdiction; and consequently both bills of exceptions will be transferred to the Court of Appeals, which has jurisdiction. See *Brandt* v. *Buckley,* 151 *Ga.* 582 (107 S. E. 773); *Cochran* v. *Stephens,* 155 *Ga.* 134 (116 S. E. 303), and cases cited.

*Transferred to the Court of Appeals. All the Justices concur, except Russell, C. J., and Hines, J., dissenting.*