Nos. 7950, 7958. APRIL 20, 1931.

*J. T. Sisk,* for plaintiffs. *Tutt & Brown,* for defendants.

MARTIN *v.* DEATON; *et vice versa.*

Nos. 7996, 8028. APRIL 14, 1931.

*Love & Fort,* for Martin. *Robinson & Flynt,* contra.

HINES, J. Deaton filed his equitable petition to enjoin Martin from continuing to tear down a theater building of the former, and to recover damages for the partial demolition of this building. A temporary restraining order was granted; and there was no hearing had on the application for temporary injunction. By an amendment to his petition the plaintiff sought to recover only actual and

punitive damages; and in effect he eliminated his claim for injunctive relief. No injunctive or other equitable relief was sought by the petitioner or granted. The case proceeded to trial on the claim for damages; and a money verdict was rendered in favor of the plaintiff. The defendant's motion for a new trial was overruled, and to that judgment he excepts and assigns error thereon. In a cross-bill of exceptions the plaintiff excepts to certain rulings made against him during the progress of the trial. None of the rulings complained of in either bill of exceptions relate to the grant of equitable relief or to any other matter which would give this court jurisdiction of these writs of error. The only equitable feature of the case having been removed by the allowance of an amendment to the petition, the jurisdiction of the writ of error is in the Court of Appeals and not in this court. *Brandt* v. *Buckley*, 151 *Ga.* 582 (107 S. E. 773); *Cochran* v. *Stephens*, 155 *Ga.* 134 (116 S. E. 303); *U. S. Fidelity & Guaranty Co.* v. *Koehler*, 161 *Ga.* 934 (132 S. E. 64); *Coats* v. *Casey*, 162 *Ga.* 236 (133 S. E. 237). The case is therefore

*Transferred to the Court of Appeals. All the Justices concur.*