COLLIER, administrator, *v.* CITY OF BARNESVILLE.

No. 8481. FEBRUARY 9, 1932.

*Beck & Beck*, for plaintiff in error. *Claude Christopher*, contra.

HINES, J. Certain owners of land fronting on Thomaston Street in the City of Barnesville petitioned the mayor and council thereof·to pave and curb with concrete, for a width of thirty feet, that portion of said street beginning at the then concrete pavement on Main Street and·extending south on said street to the north side of Murphy Avenue. They prayed that the work of paving this portion of said street be commenced immediately and prosecuted to its speedy completion, as provided by.the act of July 30, 1927 (Acts 1927, p. 888). This petition was signed· by a majority of the owners of the lineal-feet frontage of the land abutting on the section of said street sought to be paved, and which would be subject to assessment for the payment of the costs of the improvement. This petition was presented to the mayor and council at a meeting held on May 7, 1928. An alderman then gave notice

that he would at the next regular meeting of council introduce a resolution relative to the same. On May 21, 1928, the mayor and council passed a resolution for the paving of that portion of said street requested in the above petition of May 7, 1928. This resolution recites that it was passed upon the above petition. It further recites that said paving was to consist of grading, paving, constructing sewer and water connections for the benefit of abutting property owners to the property lines, and constructing any storm-sewers, drains, storm-water inlets, catch-basins, and other things found necessary and incident to the completion of the paving. At a meeting of the mayor and council held on January 7, 1929, Alderman Batson, chairman of the ordinance committee, gave notice that he would, at the next regular meeting of council, introduce an ordinance levying assessments for said baby-bond paving. On January 21, 1929, the mayor and council adopted an ordinance levying assessments against the real property abutting on Thomaston and Forsyth Streets for the improvements made under said ordinance of May 21, 1928. Under this ordinance the "E. R. Stevens Estate" was assessed for a frontage of 164.3 feet, at $867.01. On March 18, 1929, the mayor and council adopted a resolution authorizing the issuance of street-improvement bonds for the amount of the unpaid assessments levied by the ordinance of January 21, 1929.

On January 5, 1931, an execution was issued against a described house and lot fronting on Thomaston Street, as the property of Mrs. E. R. Stevens, for the sum of $134.68, being the amount due and chargeable against said realty on the assessment made for paving Thomaston Street. This execution was levied on said property, and an affidavit of illegality was filed by J. C. Collier, the duly qualified administrator of Mrs. E. R. Stevens' estate. All the grounds of the affidavit of illegality set up defenses which can be set up in a court of law. None of the grounds of illegality embodied any matters of defense which, if overruled, would give this court jurisdiction to entertain the writ of error in the case, except the sixth ground, in which the defendant attacked the validity of the execution issued against his intestate, upon the ground that no ordinance had been passed by the city for the paving of Thomaston Street, in consequence of which the defendant did not have any notice that any portion of the cost of such

paving would be charged to his intestate until the paving had been completed and the assessment of January 21, 1929, had been made; and that as he had no notice and opportunity to object or prevent the incurring of the indebtedness sought to be collected, he was deprived of due process of law in violation of the Federal and State constitutions. On the hearing before the trial judge the defendant abandoned this ground of .his affidavit of illegality. This left no ground of defense which would give this court jurisdiction to entertain the present bill of exceptions, which was brought to review the judgment of the trial judge overruling the remaining grounds of the illegality. Where the only ground of defense set up in an affidavit of illegality to an execution for the costs of paving a street, an adverse ruling on which would give this court jurisdiction to entertain a writ of error, is abandoned by the defendant in the court below, this court is without jurisdiction to pass upon the writ of error; and the same is transferred to the Court of Appeals, which alone has such jurisdiction. *Brandl* v. *Buckley,* 151 *Ga.* 582 (107 S. E. 773); *Cochran* v. *Stephens,* 155 *Ga.* 134 (116 S. E. 303); *City of Reynolds* v. *Carter,* 159 *Ga.* 229 (125 S. E. 380); *Coats* v. *Casey,* 162 *Ga.* 236 (133 S. E. 237); *Byrd* v. *Piha,* 169 *Ga.* 115 (149 S. E. 699).

*Transferred to Court of Appeals. All the Justices concur.*