## BRIGHTWELL *v.* OGLETHORPE TELEPHONE COMPANY *et al.*

No. 8936. NOVEMBER 22, 1932.

Equitable petition. Before Judge Moseley. Oglethorpe superior court. January 4, 1932.

BELL, J. The Court of Appeals, and not the Supreme Court, has jurisdiction of this case. The jurisdictional question is whether the case is an "equity case." Civil Code (1910), § 6502. In the suit as amended the plaintiff, as a stockholder and alleged creditor, sought to have a receiver appointed for the purpose of

winding up the affairs of a "corporation" whose charter had expired, and to recover against the company a sum alleged to be due to the plaintiff on an open account for supplies, services, and expenses alleged to have been furnished for the use and benefit of the company. The appointment of a receiver for the purpose stated was also requested in the answer filed in behalf of the company, and a receiver was appointed accordingly. The case was thereafter referred to an auditor, who made a report finding in favor of the plaintiff a certain sum as due upon the account. Exceptions of law and of fact to the auditor's report were sustained by the trial judge, and a recovery was denied. The plaintiff then brought the case to the Supreme Court, complaining of this judgment. The case as presented here involves only the question of whether the evidence would have authorized a recovery upon the theory of an implied contract. The propriety of the receivership is not in question, nor does the case involve the right to other relief in equity. The mere fact that a receiver is a party to a judgment does not make the case one in equity. A suit for the recovery of the value of goods or services alleged to have been furnished to the use and benefit of another seeks to recover money which the defendant ought in equity and good conscience to pay over, and for this reason has been likened to a bill in equity. It is nevertheless a suit on contract, being essentially the same as the common-law action of assumpsit, and is not an equity case. *Whitehead* v. *Peck*, 1 *Ga.* 140; *Mahaffey* v. *Petty*, 1 *Ga.* 261; *McCay* v. *Barber*, 37 *Ga.* 423; *James* v. *Smith*, 62 *Ga.* 345 (3); *Cragg* v. *Arendale*, 113 *Ga.* 181 (3) (38 S. E. 399); *Buchanan* v. *McClain*, 110 *Ga.* 477 (3) (35 S. E. 665); *Seaboll* v. *Olvey*, 18 *Ga. App.* 775 (90 S. E. 653). *Bank of Oglethorpe* v. *Brooks*, 33 *Ga. App.* 84 (10) (125 S. E. 600), and cit.; 2 R. C. L. 742; 5 C. J. 1381.

As indicated above, the sole question made by the writ of error is whether the evidence authorized the auditor to find in the plaintiff's favor upon the account. It is thus apparent that all equitable features which might otherwise have placed jurisdiction in the Supreme Court have been eliminated, and that the case should be transferred to the Court of Appeals. See *Burress* v. *Montgomery*, 148 *Ga.* 548 (3) (97 S. E. 538); *Taylor Lumber Co.* v. *Clarke Lumber Co.*, 159 *Ga.* 393 (125 S. E. 844); *United States Fidelity & Guaranty Co.* v. *Koehler*, 161 *Ga.* 934 (132 S. E. 64); *Coats* v.

*Casey,* 162 *Ga.* 236 (133 S. E. 237); *Byrd* v. *Piha,* 169 *Ga.* 115 (149 S. E. 699); *Martin* v. *Deaton,* 172 *Ga.* 557 (158 S. E. 331); *Collier* v. *Barnesville,* 174 *Ga.* 294 (162 S. E. 530).

*Transferred to the Court of Appeals. All the Justices concur.*