HENLEY *v.* COLONIAL STAGES SOUTH INC. *et al.*

No. 11794.   MAY 18, 1937.

*Jordan Johnson* and *Wilcox, Connell & Wilcox,* for plaintiff in error.

*Franklin & Eberhardt* and *Copeland & Dukes,* contra.

BELL, Justice. The Court of Appeals, and not the Supreme Court, has jurisdiction of this case. The jurisdictional question is whether the writ of error presents an "equity case." Code, § 2-3005. Colonial Stages South Inc. filed a suit in the superior court of Lowndes County against J. A. Henley and R. E. Barfield, residents of that county. The main purpose of the suit was to recover a money judgment upon several notes and contracts on which the defendants were alleged to be indebted. The petition was filed, however, as a suit in equity, because of alleged insolvency of the defendants, with the exception of a franchise to operate a bus line in which they were interested and as to which a receiver was prayed. The petition also prayed that the defendant Barfield be required to answer in detail as to any claim or claims which he might have against his codefendant Henley, and "that petitioner have such other relief as to the court may seem right and proper." No action was ever taken on the application for a receiver, and no appearance was made by the defendant Barfield. Henley filed an answer denying any indebtedness to the plaintiff, and at later stages of the case asserted other alleged defenses, none

of which was equitable in nature. After the suit was filed, Colonial Stages South Inc. was dissolved as a corporation, and J. B. Copeland as receiver of its assets in the State of Georgia was made a party plaintiff in its stead. Pending the action a garnishment was served upon a resident of a different county, and the garnishee filed an answer in the superior court of that county, as required by the summons, admitting that he was indebted to the defendant in a stated sum. Before verdict the defendant Henley was adjudicated a bankrupt, and filed a plea seeking to stay the action. At the close of the evidence the judge directed a verdict in favor of the plaintiff for a stated sum of money; providing, however, that the judgment should be collected and satisfied solely out of the fund in garnishment, and granting a perpetual stay of execution otherwise. The court also directed that the plaintiff should have a special lien upon the fund, and all these conditions were stated in the verdict and judgment. The defendant filed a motion for a new trial containing the usual general grounds, to which other grounds were added by amendment. The court overruled the motion, and the defendant excepted. The judgment overruling the motion for a new trial is the only judgment or ruling assigned as error in the bill of exceptions. As the case was presented at the trial, the plaintiff was asking only for a money judgment with a special lien on the fund in garnishment, while the defendant was merely resisting the grant of such relief, on grounds purely defensive.

The plaintiff in asking for the special lien against the fund in garnishment was not seeking equitable relief. *Carlton* v. *Reeves*, 157 *Ga.* 602 (3) (122 S. E. 320); *Bennett* v. *McConnell*, 88 *Ga.* 177 (3) (14 S. E. 208); *Marshall* v. *Charland*, 109 *Ga.* 306 (2), 309 (34 S. E. 671). Nor does the fact that the verdict and judgment were obtained by a receiver as substituted plaintiff make the case one in equity. *Brightwell* v. *Oglethorpe Telephone Co.*, 176 *Ga.* 65 (166 S. E. 646). It thus appears that all of the equitable features of the case have been eliminated, and that the only questions involved under the writ of error relate to the legal relief as obtained by the plaintiff and opposed by the defendant. It follows that the Court of Appeals, and not the Supreme Court, has jurisdiction. *Burress* v. *Montgomery*, 148 *Ga.* 548 (3) (97 S. E. 538); *Taylor Lumber Co.* v. *Clark Lumber Co.*, 159 *Ga.* 393

(125 S. E. 844); *United States Fidelity & Guaranty Co.* v. *Koehler*, 161 *Ga.* 934 (132 S. E. 64); *Coats* v. *Casey*, 162 *Ga.* 236 (133 S. E. 237); *Byrd* v. *Piha*, 169 *Ga.* 115 (149 S. E. 699); *Martin* v. *Deaton*, 172 *Ga.* 557 (158 S. E. 331; *Collier* v. *Barnesville*, 174 *Ga.* 294 (162 S. E. 530); *Brightwell* v. *Oglethorpe Telephone Co.*, 176 *Ga.* 65 (166 S. E. 646). .

*Transferred to the Court of Appeals. All the Justices concur.*