BRANTLEY PRODUCTS COMPANY *et al.* v. HEMPHILL, executrix.

WYATT, Justice. 1. Mrs. Mary Hemphill filed suit as executrix of the estate of S. W. Hemphill against Brantley Products Company, American Tire Company, H. H. Brantley, and J. A. Reid. She alleged that her husband, now deceased, contracted with American Tire Company, through J. A. Reid, its agent, to buy the entire business of Brantley Products Company by purchasing all the capital stock, the said stock all being owned by American Tire Company, for a stated sum; that H. H. Brantley owned all the stock of American Tire Company; and that $7500 was paid, the balance of the purchase-price to be paid at a later date. In the meantime, the petitioner's husband died. For reasons stated in the petition, it is contended that the contract is now impossible of performance. She sues to recover the $7500 paid. No equitable relief is prayed, for none is necessary, since it is not alleged that American Tire Company, the only party with which the deceased, Hemphill, is alleged to have had any contractual relations, is insolvent. "While the action for money had and received is often referred to as an 'equitable action' [citations omitted], it is nevertheless an action at law. *Brightwell* v. *Oglethorpe Telephone Co.* 176 *Ga.* 65 (166 S. E. 640)." *Jasper School District* v. *Gormley,* 184 *Ga.* 756 (193 S. E. 248). Properly construed, the action in the instant case is one for money had, and received only, and under the decisions above cited, is one at law. Accordingly, the Court of Appeals and not this court has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 17075. MAY 8, 1950.

*Charles W. Bergman*, for plaintiff in error.

*David Gershon, J. Ralph McClelland Jr., John L. Westmoreland*, and *John L. Westmoreland Jr.*, contra.