23105.   FULFORD v. JOHNSON et al.

ALMAND, Justice.   This case is here by writ of error from the Superior Court of Wheeler County.   The action began when the defendants in error made application for processioning to trace and mark anew a certain land line between their land and the land of the plaintiff in error.   The finding of the processioners was protested by the plaintiff in error and the case was heard before a jury in the Superior Court of Wheeler County.   Before the trial of the case the court granted the motion of the defendants in error for a temporary injunction to preserve the status quo of the disputed land.   A verdict was returned in favor of the land line fixed by the processioners and a motion for a new trial asserting that this verdict was not supported by the evidence was overruled.   Error is assigned on the overruling of this motion; no error is assigned on the order granting the temporary injunction.   The defendants in error have filed a motion to transfer this case to the Court of Appeals, alleging that the Supreme Court does not have jurisdiction of the subject matter here involved.   *Held:*

The motion to transfer is granted. Art. VI, Sec. II, Par. IV of the Georgia Constitution (*Code Ann.* § 2-3704) sets out the jurisdiction of this court. The only portion of that constitutional provision which might apply to the case at bar provides that the Supreme Court shall have jurisdiction of all cases respecting title to land and of all equity cases. The instant case is not one respecting title to land. It is well settled that an application for processioning to determine a disputed land line and a protest thereto is not a case respecting title to land so as to give this court jurisdiction. *Ledford v. Hill,* 206 Ga. 304 (57 SE2d 77); *Jarrard v. Wildes,* 209 Ga. 282 (71 SE2d 549) and cases there cited. Nor is the instant case one in equity. Since no assignment of error is made on the order granting the temporary injunction, that question is eliminated from the case. When the equitable feature of a case has been removed this court does not have jurisdiction on the grounds of equity. *United States Fidelity &c. Co. v. Koehler,* 161 Ga. 934 (132 SE 64); *Gilbert Hotel No. 22, Inc. v. Black,* 192 Ga. 641 (16 SE2d 435).

*Transferred to the Court of Appeals. All the Justices concur, except Mobley, J., not participating for providential cause.*

Submitted September 14, 1965—Decided September 22, 1965.

*E. L. Stephens, Jr.,* for plaintiff in error.
*E. Herman Warnock,* contra.