## 17397.   PUCKETT v. JONES.

JENKINS, P. J.   In an action on purchase-money notes a vendee in possession under a bond obligating the vendor to make good and sufficient titles can not ordinarily be heard to defend by disputing the title of his vendor under which he holds possession, but · is relegated to his remedy under the bond.   The exceptions to the application of this rule are in cases where the obligor is charged with fraud, or insolvency, or where such other facts are shown as would authorize equitable interference in lieu of carrying out the contract of sale.   *Black* v. *Walker*, 98 *Ga.* 31 (26 S. E. 477) ; Powell on Actions for Land, 497.   But this principle of estoppel does not apply where the purchaser does not hold possession of the bargained premises; and in a case where the purchaser was put into possession of only a part of the land under the bond for title, and was sued upon a promissory note representing the unpaid purchase-money, the purchaser is permitted to set up as a defense that he "was not in possession of a part of the land, and that the vendor could not make good title thereto, and that, in consequence of the defect in the title of the vendor to a part of the land, the defendant was entitled to a reduction of the purchase price."   *Riehle* v. *Bank of Bullochville*, 158 *Ga.* 171 (123 S. E. 124).

2. In the instant case the defendant, having pleaded that she was not given possession of a portion of the land bargained for under the bond for title, to wit, lot No. 976, but that the same had previously been conveyed by the predecessor in title of the plaintiff to a named person, who had taken possession thereof and who remained in possession, that she had not been put in possession of the purchased mineral rights in lot of land No. 966, as bargained for under the bond for title, but that such rights had been previously granted by the predecessor in title of the plaintiff to a named person, who, for the purpose of extracting such minerals on that portion of the premises had gone into and remained in possession, and that her possession of the land bargained for in lots numbers 1037, 1038, 1121, five acres of lot number 1112, and lots numbers 977 and 1040, was but a qualified possession, subject to previous conveyances by the predecessor in title of the plaintiff of certain mineral rights thereon and certain easements for the exercise of such rights to named persons who were in actual possession of the premises in the manner and to the extent required in mining and removing the minerals granted in accordance with such previously granted easements, and having by amendment set out the value of all of lot No. 976, and of the mineral rights in lot No. 966, and the deficiency in value of the bargained premises by reason of such previously granted easements, she was entitled, upon making proof of these facts, to reduce the purchase price in accordance with the loss in value thus indicated.

3. With reference to lot number 1185, and the ten acres known as the "lime-kiln tract," the defendant having merely pleaded that she was not put in possession of these portions of the premises, and that the

Bills and Notes, 8 C. J. p. 496, n. 75, 76; p. 497, n. 92; p. 499, n. 1.

Vendor and Purchaser, 39 Cyc. p. 1579, n. 18; p. 1581, n. 33, 34; p. 1921, n. 7; p. 1925, n. 46; p. 1935, n. 36; p. 1937, n. 56; p. 1961, n. 39; p. 1964, n. 68.

same were occupied adversely to her by named persons, but the nature and character of such adverse claims not being set forth, and it not appearing from the allegations thus made that the vendor could not be required to make a good title thereto as obligated by the bond, it follows that the plea as it now stands, or without further amendment, would be ineffective as to such portions of the deficiency pleaded, even had the proffered amendment setting up the insolvency of the vendor been allowed.

4. "He who takes with notice of an equity takes subject to that equity." Civil Code (1910), § 4529. In the instant case the plaintiff holder of the promissory note having previously, as administrator, conveyed the land to the maker of the bond for title, from whom he as an individual subsequently obtained the purchase-money notes, is charged with notice of such deficiences in title as existed when the land was previously held by him as administrator. The plaintiff, as purchaser of the note, has no better standing than the payee.

5. There was no error in striking paragraph 6 of the original answer, with reference to attorney's fees, but, in accordance with the foregoing rulings, the court erred in striking the amended answer of the defendant, and in refusing to allow the amendment as to the insolvency of the vendor, which sought to establish an additional reason why the defense setting up the deficiency outlined in paragraph 2 of the syllabus should be allowed. The plea as amended and the offered amendment set up a valid ground of defense, going toward a reduction of the amount due under the purchase-money note, on account of the deficiency set forth in paragraph 2 of the syllabus.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 20, 1926. REHEARING DENIED JANUARY 24, 1927.

Complaint; from Bartow superior court—Judge Tarver.  March 22, 1926.

*William T. Townsend,* for plaintiff in error.

*John K. Davis, G. H. Aubrey,* contra.