### 20349. BROOKS *v.* GUTHRIE.

JENKINS, P. J. This was a suit in trover for certain property belonging to the plaintiff, alleged to have been sold under judicial process along with a stock of goods belonging to the plaintiff's father. There appears to be no question that the property actually belonged to the plaintiff, and that prior to the sale he accordingly notified the sheriff, who advised him to file a claim; after which he notified the trustee in bankruptcy in charge of his father's bankrupt estate, and also the trustee's attorney; and it appears that both the trustee and the attorney authorized the plaintiff to proceed to remove his property from the store building, but that upon seeking to carry out this permit, while he was permitted to segregate his property, he was not permitted by the person in charge of it to remove it from the building. It appears that the plaintiff was present at the judicial sale, and made a bid on a portion of the stock of goods, which was afterwards knocked off in bulk to the defendant in the court below, now plaintiff in error. It appears that the goods of the plaintiff were not included in the inventory made of the stock of goods, and it was further announced at the sale that the inventory was not guaranteed. The jury found in favor of the plaintiff for the value of the property in the sum of $61.50. The defendant excepts to the order overruling his motion for new trial on the general grounds, and contends that the plaintiff was estopped, as a matter of law, by virtue of the provisions of the Civil Code (1910), § 4419, which the court gave in charge to the jury. He further excepts to the court's charging section 6054 of the Civil Code. *Held:*
1. It can not be said as a matter of law that under the facts narrated, the presence and conduct of the plaintiff at the sale would estop him from

claiming title to the segregated and uninventoried property which, it appears without dispute, actually belonged to him, since the jury could have found that the particular property was not actually sold, and was not intended to be sold as a part of the stock of goods.

2. Nor was it error on the part of the court to charge section 6054 of the Civil Code, as follows: "The purchaser must look for himself as to the title and soundness of all property sold under judicial process. Actual fraud or misrepresentation by the officer or his agent may bind him personally. No covenant of warranty binds him individually, unless made with that intention and for a valuable consideration." The purpose of the law embodied in this section is merely to give notice that a sheriff's sale does not pass title to property not owned by the defendant in fi. fa., even though it be actually included in the sale, unless under other facts and circumstances the true owner is estopped from asserting his own title.

3. Both of the foregoing principles having been correctly given in charge by the court, and the evidence sustaining the plaintiff's contention as to the title to the property claimed by him, the verdict in his favor can not be disturbed. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 15, 1930.

*I. L. Oakes,* for plaintiff in error. *A. M. Kelly,* contra.

