PEARSON *v.* STAMEY *et al.*

ATKINSON, J. 1. The estoppel sought to be set up in this case against the claimant, on account of his having assented to the contract by his infant son and attested the mortgage on the crop, is one which, if sufficient in law and fact, may be set up at law. *Georgia Pacific Railway Co.* v. *Strickland,* 80 *Ga.* 776 (6 S. E. 27, 12 Am. St. R. 282) ; *Equitable*

*Loan & Security Co.* v. *Lewman,* 124 *Ga.* 190 (52 S. E. 599, 3 L. R. A. (N. S.) 879); *United States Fidelity & Guaranty Co.* v. *Koehler,* 161 *Ga.* 934 (132 S. E. 64).

2. The case is not one in equity, nor does it involve any issue or subject-matter of which the Supreme Court under the constitution of this State (Acts 1916, p. 19; Park's Code Supp. 1922, § 6502; Michie's Code, § 6502) should take jurisdiction of the writ of error. The case is therefore transferred to the Court of Appeals which has jurisdiction of the writ of error. See *Taylor Lumber Co.* v. *Clark Lumber Co.,* 159 *Ga.* 393 (125 S. E. 844); *Lexington Presbyterian Church* v. *Reid,* 147 *Ga.* 225 (93 S. E. 208); *Long* v. *Lynch Enterprise Finance Corporation,* 166 *Ga.* 497 (142 S. E. 579); *United States Fidelity & Guaranty Co.* v. *Koehler, supra.*

*Transferred to Court of Appeals. All the Justices concur.*

No. 7757.   FEBRUARY 20, 1931.

*J. M. Lang,* for plaintiff.   *J. H. Paschall,* for defendants.