## ROGERS *v.* MILLER PEANUT COMPANY.

No. 15295.   OCTOBER 5, 1945.

838

*Robert B. Short* and *Robert Culpepper Jr.*, for plaintiff in error.
*Frank S. Twitty*, contra.

ATKINSON, Justice. (After stating the foregoing facts.) Counsel for the defendant in error filed a motion in the Supreme Court, stating that all equitable relief sought in the original petition had been eliminated, and asking that the case be transferred to the Court of Appeals.

"Where an equitable petition for injunctive relief is filed, and the defendant enters general and special demurrers thereto, and

a plea and answer setting up a claim for a money demand and asking a judgment therefor against the plaintiff, and after the demurrers are overruled and an interlocutory injunction is granted, to all of which exceptions pendente lite are taken, the plaintiff voluntarily dismisses his action, all questions involved in the overruling of the demurrers and the granting of the interlocutory injunction then and there become moot. Such a dismissal of the action removed all equitable questions involved in the case, and the plaintiff in error in his brief having abandoned his exceptions to the overruling of his demurrers and the granting of the interlocutory injunction, the Court of Appeals and not the Supreme Court has jurisdiction of the writ of error." *Holloway* v. *Dorsey,* 198 *Ga.* 266 (31 S. E. 2d, 349), and citations.

The response, which is denominated a "plea of equitable estoppel," did not seek any affirmative equitable relief that would confer jurisdiction on the Supreme Court under article 6, section 2, paragraph 5, of the constitution (Code, § 2-3005). It merely set forth reasons, which under the practice in this State, if sufficient in law and fact, may be asserted in proceedings at law, to show that the petitioner was estopped from urging dismissal of the cross-action along with the original petition. Therefore it did not change the character of the cross-action from a money demand to a suit in equity. See *Pearson* v. *Stamey,* 172 *Ga.* 282 (157 S. E. 468); *Hood* v. *Duren,* 33 *Ga. App.* 203 (2) (125 S. E. 787); *Porter* v. *Davey Tree-Expert Co.,* 34 *Ga. App.* 355 (129 S. E. 557); *Puckett* v. *Jones,* 36 *Ga. App.* 253 (136 S. E. 462); *Brooks* v. *Guthrie,* 42 *Ga. App.* 296 (155 S. E. 793). It follows that the Supreme Court is without jurisdiction to decide the case. It is therefore ordered that the same be transferred to the Court of Appeals, which has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*