Where a defendant, in answer to an equitable petition for injunctive relief, sets up a money demand, and asks a judgment therefore against the petitioner, and, after the grant of a temporary restraining order, the petitioner voluntarily dismisses his action, such a dismissal removes all equitable questions involved in the case, and the Court of Appeals and not the Supreme Court has jurisdiction of the writ of error.
(a) The response, denominated a "plea of equitable estoppel," merely set forth reasons why the petitioner was estopped from urging a dismissal of the cross-action along with the original petition, which reasons could have been sufficiently asserted in proceedings at law, but did not change the character of the answer from a money demand to a proceeding for affirmative equitable relief.
 No. 15295. OCTOBER 5, 1945.
The Miller Peanut Company filed in Baker superior court, against Lester A. (Tom) Rogers, a petition, which alleged substantially the following: Petitioner is a corporation organized under the laws of Georgia and is engaged in the buying of peanuts. On July 1, 1943, it entered into an agreement with the defendant *Page 836 
whereby the latter was to purchase peanuts for the former in accordance with rules and regulations as to price and grades which had been fixed by the United States Government. The defendant was to draw drafts on the petitioner upon the purchase of the peanuts and store them in warehouses, and was to receive a commission on each ton of peanuts so purchased. The defendant began the purchase of peanuts and began drawing drafts, but he was paying the top price regardless of grade, which was in violation of his agreement with the petitioner and in violation of United States Government regulations; and, in order to protect its interest, the petitioner was forced to suspend further activities by the defendant. The defendant has paid for out of funds furnished by the petitioner, and has on hand in warehouses, three or four hundred tons of peanuts of the value of between $45,000 and $60,000, and, although the title is in the petitioner, the defendant has refused to allow the petitioner to remove the peanuts. The defendant has also refused to turn over to the petitioner copies of drafts which he had executed and records which he was required to keep under the agreement, all of which actions were without legal foundation; and whatever claim he might have for commission could be asserted at any time against the petitioner, a solvent corporation and able to respond to any suit which might be instituted against it. The defendant is insolvent and, in the event he has any claim which he desires to file, he can do so in this court; and, if the petitioner is legally indebted to him, it stands ready to pay whatever sum it might owe under the contract. The prayers were for process and injunction. A temporary restraining order was granted.
The defendant filed an answer in the nature of a cross-petition, setting up a claim for a money demand and asking a judgment therefor against the petitioner.
On March 22, 1945, the attorney for the petitioner addressed a written communication to the clerk of the court, which, omitting the caption, stated: "The plaintiff in the above-stated matter having filed its original suit solely for the purpose of restraining and enjoining the defendant from interfering with certain property belonging to the plaintiff, and the plaintiff through order of this court having been allowed to remove its property without interference from the defendant, and since all issues raised by the plaintiff's petition have become moot, the clerk of the superior court of Baker *Page 837 
County, Georgia, is hereby authorized and directed to dismiss said petition and to mark his files accordingly." The above paper was duly filed.
On April 27, 1945, the petitioner presented a written motion to the trial judge, insisting that the dismissal of the original petition carried with it the cross-action of the defendant. In response to a rule nisi, the defendant submitted what was denominated a "plea of equitable estoppel" against the petitioner's motion to dismiss the cross-action. The plea as amended was to the following effect: (1) The petitioner having come into court and taken the position that, if equity should assume jurisdiction, any claims which the defendant had could be litigated in the same cause, and relying on the above representation the defendant having agreed to deliver the property without requiring any bond to indemnify the defendant against loss on account of commissions for purchasing peanuts; it would be inequitable and unconscionable to permit the petitioner, after having received the benefits of a court of equity and concessions from the defendant, to change its position with reference to litigating all issues in one cause. (2) To require the defendant to bring an original suit to recover his claim in another court, would cause him great expense and inconvenience, and would greatly delay the adjudication of the issues. (3) At the instance of the petitioner, and with the consent of the defendant, the case had been continued for two terms of court, and the defendant having in the meantime moved out of the State, it would be inequitable to now insist on dismissing the cross-action. (4) At the time the original suit was filed the defendant's counsel had prepared a suit against the petitioner for commissions and other items of damage which the defendant incurred on account of the breach of the contract by the petitioner; but, on account of the allegations in the original suit to the effect that the petitioner was willing to litigate all issues in one cause, the suit was not filed, and, since the filing of the original suit and the cross-action, the petitioner has ceased doing business in Baker County, and the change of position which the petitioner takes in dismissing his original suit and asking for dismissal of the cross-action deprives the defendant of his right to file suit in such court. (5) If the cross-action should be dismissed, there would be a further delay in the trial of the issues, and the defendant, now a non-resident, would be required to reinstitute *Page 838 
his action in another county, which conduct on the part of the petitioner would be inequitable and not in good conscience.
While the record shows that general and special demurrers were interposed to the answer, in the nature of a cross-petition, and to the plea of "equitable estoppel" as amended, it does not appear that any of the demurrers were passed upon in the trial court.
After hearing from both sides on the motion to dismiss the cross-action, the trial judge entered a judgment, which, omitting the formal parts, was as follows: "The plaintiff in the above-styled case having dismissed voluntarily its petition, and defendant having been cited to show cause why his answer and cross-petition should not likewise be dismissed by the court, . . and said matter having been argued by counsel, and after consideration, it is considered, ordered and adjudged that voluntary dismissal by the plaintiff of its petition carried with it the answer and cross-bill of the defendant under the case ofHolloway v. Dorsey, 72 Ga. App. 1 (32 S.E.2d 858), and it is ordered that said case stand dismissed and so entered on the docket and that all costs to this date be paid by the plaintiff." The defendant excepted to the above judgment.
The questions for decision were stated in the brief of counsel for the plaintiff in error, as follows: "1. Was the plaintiff in good conscience equitably estopped from asking the court to pass an order to dismiss the cross-action of the defendant under the circumstances alleged in the plea of estoppel filed by the defendant Rogers? 2. Did the dismissal of the plaintiff's petition carry with it the answer and cross-action of the defendant Rogers, which answer and cross-action involved matters germane to the original action, and grew out of the same transaction and involved the same parties and facts?"
Counsel for the defendant in error filed a motion in the Supreme Court, stating that all equitable relief sought in the original petition had been eliminated, and asking that the case be transferred to the Court of Appeals.
"Where an equitable petition for injunctive relief is filed, and the defendant enters general and special demurrers thereto, and *Page 839 
a plea and answer setting up a claim for a money demand and asking a judgment therefor against the plaintiff, and after the demurrers are overruled and an interlocutory injunction is granted, to all of which exceptions pendente lite are taken, the plaintiff voluntarily dismisses his action, all questions involved in the overruling of the demurrers and the granting of the interlocutory injunction then and there become moot. Such a dismissal of the action removed all equitable questions involved in the case, and the plaintiff in error in his brief having abandoned his exceptions to the overruling of his demurrers and the granting of the interlocutory injunction, the Court of Appeals and not the Supreme Court has jurisdiction of the writ of error." Holloway v. Dorsey, 198 Ga. 266 (31 S.E.2d 349), and citations.
The response, which is denominated a "plea of equitable estoppel," did not seek any affirmative equitable relief that would confer jurisdiction on the Supreme Court under article 6, section 2, paragraph 5, of the constitution (Code, § 2-3005). It merely set forth reasons, which under the practice in this State, if sufficient in law and fact, may be asserted in proceedings at law, to show that the petitioner was estopped from urging dismissal of the cross-action along with the original petition. Therefore it did not change the character of the cross-action from a money demand to a suit in equity. See Pearson v.Stamey, 172 Ga. 282 (157 S.E. 468); Hood v. Duren,33 Ga. App. 203 (2) (125 S.E. 787); Parter v. DaveyTree-Expert Co., 34 Ga. App. 355 (129 S.E. 557); Puckett v.Jones, 36 Ga. App. 253 (136 S.E. 462); Brooks v.Guthrie, 42 Ga. App. 296 (155 S.E. 793). It follows that the Supreme Court is without jurisdiction to decide the case. It is therefore ordered that the same be transferred to the Court of Appeals, which has jurisdiction.
Transferred to the Court of Appeals. All the Justicesconcur.