## TUCKER *v.* AMERICAN SURETY CO. OF NEW YORK.

WYATT, Justice. As originally brought, the petition in this case was in two counts. In the first count, the petitioner sought to recover of American Surety Company, as sole defendant and as surety on a guardian's bond, a money judgment, it being alleged that the guardian, who had died, had committed specific acts of waste and mismanagement. The second count alleged acts of mismanagement and waste by a second guardian, appointed after the death of the first, and sought to recover a money judgment against this guardian and the surety on the guardian's bond, St. Paul Mercury Indemnity Company; and in the second count, the petitioner also sought equitable relief, including an injunction against the guardian. The petitioner voluntarily dismissed count two of the petition, leaving only the first count, in which it was prayed: (1) "that said defendant, American Surety Company of New York, be required to render an accounting of its principal's acts and doings as such guardian, and as to the amount now due plaintiff; (2) that plaintiff have judgment for $100,000 or other large sum." The trial court sustained a general demurrer to the petition as amended, and the exception is to this judgment. The defendant in error has raised the point that this court is without jurisdiction of the writ of error. In a reply brief, the plaintiff in error states: "Defendant in error argues that this case is not an equitable case and should be transferred to the Court of Appeals of Georgia. We feel that he has very forcefully set forth his grounds, and are inclined to concur." *Held:*

1. On its face, the petition as amended is a simple suit against a surety on a guardian's bond, to which the deceased guardian, or his representative, is not a party. The prayer, as amended, is for a common-law judgment in the amount of the penalty of the bond. While the petitioner also prays that the surety render an accounting of its principal's acts and doings as guardian, and as to the amount due the petitioner, this is not a prayer for an equitable accounting or for equitable relief. As stated in *Moore* v. *Deal*, 202 *Ga.* 356 (43 S. E. 2d, 151), "In this case, the petition does not contain any prayer for injunction, receiver, or any other equitable relief. If the prayers of the petition can properly be construed as praying for an accounting, the accounting sought is not mutual or complicated, and no fiduciary relation between the parties is alleged. Properly construed, the petition seeks to make an action at law . . and under the rulings of this court in *Burress* v. *Montgomery*, 148 *Ga.* 548 (97 S. E. 538), the Court of Appeals has jurisdiction." See also *Rogers* v. *Miller Peanut Co.*, 199 *Ga.* 835 (35 S. E. 2d, 469). Accordingly, the case is

*Transferred to the Court of Appeals. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16313. SEPTEMBER 14, 1948.

*Randall Evans Jr.*, for plaintiff.
*Jones, Jones & Sparks*, for defendant.