WILLIAMS *v.* RUSSELL *et al.*

No. 17180. July 12, 1950.

*Hicks & Culbert,* for plaintiff in error.

*Leon & Dean Covington, Graham Wright, W. T. Maddox, J. D. Maddox,* and *Gary Hamilton,* contra.

ALMAND, Justice. E. C. Cowan filed a petition against T. B. Cavin on a promissory note. It was alleged that Cavin had absconded, and that he was indebted to a large number of creditors, who had levied attachments on his assets, consisting of goods and merchandise. The prayer was that a receiver be appointed to take charge of his assets. A temporary receiver was appointed. One H. E. Williams filed an intervention, claiming that Cavin was indebted to him on a note, and that the intervenor, prior to the filing of the petition for receivership, had filed an attachment in the City Court of Floyd County, and that such attachment had been levied on certain personalty of Cavin. The prayers were that, when the property was sold, the proceeds of the sale be first applied on the debt of Williams. J. W. Jackson filed an intervention in the receivership case, alleging that Cavin was indebted to him upon a note in a specified amount, which was secured by a bill of sale, dated March 5, 1946, executed by Cavin to Jackson, conveying his stock of goods, merchandise, and fixtures which had been taken in charge by the receiver. Jackson claimed that he was entitled to a first lien upon the personal property in the hands of the receiver, and was entitled to be first paid out of the proceeds of the sale of such assets by the receiver. To the intervention of Jackson, Williams filed objections.

Under orders of the court, the receiver sold the property of Cavin which had been levied on under several attachments, and reported to the court that he was ready to make distribution of the moneys in his hands to persons entitled thereto. On October 13, 1948, the court referred the case, together with the petition of the receiver for directions as to distribution, with various interventions and objections, to an auditor to pass upon all issues of fact and law. On January 19, 1950, the auditor made certain

findings of fact and law. Williams filed exceptions of law to the auditor's finding that Williams had not acquired a prior lien by reason of his attachment, because no declaration in attachment had been filed. He excepted also to the auditor's finding that E. C. Cowan was entitled to share in the funds for distribution ahead of Williams. The bill of exceptions recites that the court entered an order on the exceptions to the auditor's report and directed the distribution of the funds in the hands of the receiver. Error is assigned by Williams on this order; it being asserted that the order of distribution, which allows J. W. Jackson to share in the distribution of the funds, and refused to allow the claim of Williams as a secured creditor, was contrary to law and equity.

The sole issue for review is the contest between two intervenors as to their respective priorities as creditors to a fund in the hands of the receiver. The case as originally brought was one in equity seeking the appointment of a receiver, to which there was no objection, nor is there any complaint as to anything he has done. The case now before us does not involve any equitable relief, or the application of any rule of equitable procedure. The question in issue is one of law, and is not such as to confer jurisdiction upon the Supreme Court. Accordingly, it will be transferred to the Court of Appeals. Code (Ann.), § 2-3704; *Burkhalter* v. *Virginia-Carolina Chemical Co.*, 170 *Ga.* 237 (152 S. E. 98); *Brightwell* v. *Oglethorpe Tel. Co.*, 176 *Ga.* 65 (166 S. E. 646); *Henley* v. *Colonial Stages South*, 184 *Ga.* 445 (191 S. E. 445); *Overstreet* v. *Schulman*, 203 *Ga.* 284 (46 S. E. 2d, 344); *Tucker* v. *American Surety Co. of New York*, 204 *Ga.* 278 (49 S. E. 2d, 522).

*Transferred to the Court of Appeals. All the Justices concur.*