18806. RUMPH *v.* RISTER *et al.*

MOBLEY, Justice. 1. Where, as here, counsel for the petitioners stated in his brief that, on January 25, 1954, the trial court sustained a general demurrer to the defendant's petition, to which there was no exception, which assertion was admitted in the brief of counsel for the defendant, it will be considered by this court that the trial court dismissed the defendant's cross-petition on the above date, thus leaving only the plaintiffs' petition pending in the trial court.

2. "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant." Code § 3-510; *Daniel* v. *Etheridge,* 194 *Ga.* 860 (22 S. E. 2d 807); *Fender* v. *Hendley,* 196 *Ga.* 512, 514 (26 S. E. 2d 887); *Spence* v. *Dyal,* 202 *Ga.* 739 (44 S. E. 2d 658); *Trusco Finance Co.* v. *McGee,* 206 *Ga.* 382 (57 S. E. 2d 184).

3. Irrespective of whether the purported dismissal in the present case of the original suit for rescission carried with it the tender that was made in connection therewith, still, any right the defendant had which might entitle him to an order directing the clerk to pay him the amount of the tender, was purely a question of law, where, as here, the sole assignment of error in the defendant's bill of exceptions complains of the dismissal of an unverified ancillary petition wherein it is sought to take down the tender.

4. The equity feature which the present case originally contained having been abandoned, or eliminated before the judgment dismissing the petition to take down the tender was rendered, the Court of Appeals and not this court has jurisdiction. Code (Ann.) §§ 2-3704, 2-3708; *Holloway* v. *Dorsey*, 198 *Ga.* 266 (31 S. E. 2d 349); *Martin* v. *Home Owners Loan Corporation*, 198 *Ga.* 288 (31 S. E. 2d 407); *Rogers* v. *Miller Peanut Co.*, 199 *Ga.* 835 (35 S. E. 2d 469); *Toler* v. *Goodin*, 74 *Ga. App.* 468 (1) (40 S. E. 2d 214).

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED JANUARY 12, 1955—DECIDED FEBRUARY 14, 1955.

*Walter E. Baker, Jr.*, for plaintiff in error.

*Wilkerson & Wilkerson, Alfredda Wilkerson*, contra.