22795. CITY OF COLUMBUS v. ATLANTA CIGAR COMPANY, INC. et al.

ARGUED JANUARY 11, 1965—DECIDED JANUARY 18, 1965.

*Lennie F. Davis, L. L. Davis, Davis & Davis,* for plaintiff in error.

*Norton & Cooper,* contra.

HEAD, Presiding Justice. A prayer for injunctive relief to maintain the status does not convert an action for declaratory relief into an equitable action. *Griffin v. Hardware Mutual Ins. Co.,* 212 Ga. 130 (91 SE2d 10); *U.S. Casualty Co. v. Ga. So. & Fla. R. Co.,* 212 Ga. 569 (94 SE2d 422). Where, as in the present case, there are no allegations in the petition germane to any equitable relief, a prayer for permanent injunction, after a determination of the cause by the court, to restrain the defendant from enforcing the ordinance, is insufficient to convert an action for declaratory relief into an equity case.

Moreover, in the present case no injunctive relief was granted either in the order of the court setting the matter for a hearing or in the judgment declaring the ordinance void and unenforceable, and there is no assignment of error involving the right of the petitioners to injunctive relief. The question of jurisdiction of this court will be evaluated on the character of the case as it stands before this court, and the relief granted in the trial court. *Brightwell v. Oglethorpe Telephone Co.,* 176 Ga. 65 (166 SE 646); *Holloway v. Dorsey,* 198 Ga. 266 (31 SE2d 349); *Swinson v. Jones,* 198 Ga. 327 (31 SE2d 592); *Overstreet v. Schulman,* 203 Ga. 284 (46 SE2d 344); *Findley v. City of Vidalia,* 204 Ga. 279 (49 SE2d 658); *Williams v. Russell,* 207 Ga. 220 (60 SE2d 243); *Miller v. Ray,* 208 Ga. 27 (64 SE2d 449).

The Court of Appeals has jurisdiction to decide constitutional questions that do not involve the construction of the Constitu-

tion of the United States or of this State, or the constitutionality of a law of the United States or of any law of this State. *Thompson v. City of Atlanta,* 176 Ga. 489 (168 SE 312) ; *Stafford v. City of Valdosta,* 178 Ga. 224 (172 SE 461) ; *Maner v. Dykes,* 183 Ga. 118 (187 SE 699) ; *Dade County v. State,* 203 Ga. 280 (46 SE2d 345) ; *Shipman v. Johnson,* 210 Ga. 174 (78 SE2d 515) ; *Beard v. City of Atlanta,* 211 Ga. 25 (83 SE2d 594).

Under the Constitution, Art. VI, Sec. II, Par. IV (*Code Ann.* § 2-3704) jurisdiction of the writ of error in the present case is vested in the Court of Appeals and not the Supreme Court of Georgia.

*Remanded to the Court of Appeals. All the Justices concur.*