43379. POOLE et al. v. CITY OF ATLANTA et al.

ARGUED JANUARY 12, 1968—DECIDED FEBRUARY 26, 1968—
REHEARING DENIED MARCH 20, 1968—CERT.

Poole, Pearce & Cooper, William F. Lozier, George V. Boyd, for appellants.

Henry L. Bowden, Charles M. Lokey, Wesley R. Asinof, Jones, Bird & Howell, C. Dale Harman, Peyton S. Hawes, Jr., for appellees.

QUILLIAN, Judge. ■ Although the petition contains a prayer for temporary and permanent injunction and there are some allegations, by way of conclusions, germane to equitable relief, the action sought to be enjoined, to wit, the issuance of a license to operate a liquor store, has already transpired. Counsel for the appellant concedes that any equitable issue is moot since the license has been issued and in his enumeration of error states that this court has jurisdiction because this was an action for declaratory judgment. With all equitable features eliminated the question as to jurisdiction of this court will be evaluated on the character of the case as it now stands and, thus, as held in *City of Columbus v. Atlanta Cigar Co.*, 220 Ga. 533 (140 SE2d 267), this court and not the Supreme Court has jurisdiction.

■ This case was filed and determined after the effective date of the Civil Practice Act and hence falls within its purview. Since the Act is modeled and predicated on the Federal Rules of Civil Procedure, federal cases, while not binding precedent, will be considered as persuasive authority in construing the pertinent provisions of the Act. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442). The complaint was attacked on the grounds that it failed to state a claim against the defendant upon which relief could be granted. In construing the federal

■

equivalents of Sections 8 and 12 of the Civil Practice Act (*Code Ann.* §§ 81A-108 and 81A-112) countless decisions have been rendered on motions to dismiss which expound the following rule: "'A (complaint) may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim.' But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2A Moore's Federal Practice 2245, § 12.08. De Loach v. Crowley's, 128 F2d 378, 380. See also annotations under *Code Ann.* §§ 81A-108 and 81A-112. Of course, pleadings are liberally construed. *Code Ann.* § 81A-108 (f); Carroll v. Morrison Hotel Corp., 149 F2d 404. Nevertheless, the motion to dismiss may be granted where the complaint fails to show the plaintiff is entitled to relief. In short, there must be some legal basis for recovery. 2A Moore's Federal Practice 1705, § 8.13; Albert v. Dunn & Bradstreet, 91 FSupp. 283; 284; Daves v. Hawaiian Dredging Co., 114 FSupp. 643, 645.

Testing the instant pleading by these rules we find that the motion was properly granted. The complaint in its detailed allegations of the transactions affirmatively shows both that any rights of the plaintiffs have already accrued and that the plaintiffs do not have the risk of taking some future action incident to their rights, which action without direction would jeopardize their interests.

Thus, the cases interpreting the Declaratory Judgment Act prior to the passage of the Civil Practice Act would be applicable. "'The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated.' . . . And where . . . the petition shows that the rights of the parties have already accrued and no facts or circumstances are alleged which show that an adjudication of the plaintiffs' rights is necessary in order to relieve the plaintiffs from the risk of taking any future undirected action incident to their rights, which action without

direction would jeopardize their interests, the petition fails to state a cause of action for declaratory judgment." *Pinkard v. Mendel,* 216 Ga. 487, 490 (117 SE2d 336); *Holcomb v. Bivens,* 103 Ga. App. 86 (118 SE2d 840). The complaint fails to state a claim upon which relief can be granted.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*