26359.  BONNY CORPORATION v. McCARTHY et al.
26360.  CLAYTON McLENDON, INC. v. McCARTHY.

MOBLEY, Presiding Justice. The Bonny Corporation, as seller, and Timothy McCarthy, as buyer, entered into a contract of sale, which was negotiated by Clayton McLendon, Inc., as real estate broker. The purchaser deposited $26,250 as earnest money with the broker. The broker brought an action against the buyer and seller, alleging a repudiation of the contract by the buyer, and suing for its commission. A counterclaim was filed by the buyer, and a counterclaim and cross claim were filed by the seller.

Injunctive relief was prayed in the broker's complaint to prevent the defendants from filing any other suits in the matter, and temporary restraining order was granted. The counterclaim of the buyer prayed for a restraining order to restrain the broker from transferring the earnest money from its account, and this restraining order was granted. In a subsequent order the restraining order was amended by providing that the earnest money be placed in a savings and loan association in Fulton County.

Motions for summary judgment were filed by all parties. The trial judge held that there had been no absolute refusal on the part of the buyer to perform which would constitute an anticipatory

breach, freeing the other parties from any further duty to perform, and granted summary judgment to the buyer, Timothy McCarthy. The broker, Clayton McLendon, Inc., and the seller, The Bonny Corporation, filed separate appeals to the Court of Appeals from the order granting summary judgment to the buyer, and denying summary judgment to them. The Court of Appeals has transferred the cases to this court.

No equitable relief was granted in the final order. No error is enumerated by either appellant on the failure to grant equitable relief. The question made as to estoppel by conduct in both enumerations of errors pertains to such estoppel as might be urged at law. Since the equitable features of the case in the trial court are not in issue in the appeals, and there is no other question of which this court has jurisdiction, jurisdiction is in the Court of Appeals and not in this court. See: *Pearson v. Stamey,* 172 Ga. 282 (157 SE 468); *Rogers v. Miller Peanut Co.,* 199 Ga. 835 (35 SE2d 469); *Rumph v. Rister,* 211 Ga. 312 (4) (85 SE2d 768).

*Appeals returned to the Court of Appeals. All the Justices concur.* SUBMITTED MARCH 9, 1971—DECIDED APRIL 8, 1971.

*Scott Hogg, Alex McLennan,* for appellants.
*J. Corbett Peek, Glenville Haldi, J. Robert Hardcastle,* for appellee.