### 53722. CITY OF ATLANTA v. ASSOCIATED BUILDERS & CONTRACTORS OF GEORGIA, INC. et al.

McMurray, Judge.

This case involves two identical suits for declaratory judgment brought by two associations of building and electrical contractors and certain of their respective members against the City of Atlanta. They allege that a large number of their members have contracted with the City of Atlanta, are now contracting or who desire to contract with the city for construction projects. They also allege that the city had adopted an ordinance commonly known as the Equal Employment Opportunity Ordinance of the City of Atlanta which requires in Section 31-41.11 that contractors contracting with the city on construction projects in excess of $10,000 pay a minimum wage to construction employees as prescribed in the federal Davis-Bacon Act as the prevailing wages in the area, and that such scale of such prevailing wages to be paid be posted by the contractor in a prominent and easily accessible place at the site of the work. Plaintiffs allege the ordinance is unconstitutional and void in violation of the Georgia Constitution (Art. I, Sec. IV, Par. I, Constitution of Georgia of 1945; Code Ann. § 2-401) which declares that no special law shall be enacted in any case for which provision has been made by an existing general law. The plaintiffs contend that Georgia has adopted a minimum wage law as found in Code Ann. Ch. 54-12 (Ga. L. 1970, pp. 153, 154), hence the minimum wage ordinance is a special law where there is an existing general law having uniform operation throughout the state. Plaintiffs also attack the ordinance as being unconstitutional in several other particulars. They also contend that the ordinance puts them in an uncertain position regarding their rights and obligations when bidding on City of Atlanta construction projects in excess of $10,000, prohibits them from bidding

competitively, deprives them of property by forcing the payment of higher wages than called for in their contracts with individual employees, unlawfully interferes with the operation of their respective businesses and forces those plaintiffs who are taxpayers in the City of Atlanta to shoulder a higher burden than they would bear if free competition in bidding on construction projects were allowed in the city. Plaintiffs further allege that since the ordinance, as amended, contains a new provision designated as § 31-47 (a), inserted in lieu of § 31-41.11, and becomes effective on October 4, 1976, that all of their challenges to § 31-41.11 apply equally to § 31-47 (a). The prayer was that the ordinance by declared unconstitutional, null and void; that they not be required to pay minimum wages imposed by the city; and that the court permanently enjoin the city from enforcing said ordinance.

After consolidation by the court the actions came on for trial, and the court found in its findings of fact that, based on the stipulations of the parties, the plaintiffs were contractors in the ordinary course of business who bid on City of Atlanta construction projects and the prevailing wages created by the Davis-Bacon Act incorporated by reference in the city ordinance are substantially higher than the wages paid by plaintiff-contractors to their employees. The court reached the conclusion of law that the ordinance was unconstitutional and violative of Code Ann. § 2-401, supra, in that no special law shall be enacted in any case for which provision has been made by an existing general law. The defendant appeals. *Held:*

1.   Since the Supreme Court of Georgia has transferred this case to this court for consideration based upon the constitutionality of an ordinance being under attack and that there was no appeal from the failure to grant equitable relief, we cannot consider any of the issues as to equitable relief since same is not within the appellate jurisdiction of the Court of Appeals. Code Ann. §§ 2-3704, 2-3708 (Constitution of Georgia of 1945); *Bonny Corp. v. McCarthy,* 227 Ga. 460 (181 SE2d 370); *City of Columbus v. Atlanta Cigar Co.,* 220 Ga. 533 (140 SE2d 267).

2.   There is no doubt that by the ordinance the City of Atlanta has adopted the prevailing wages prescribed in

the federal Davis-Bacon Act as prevailing wage to be paid by contractors with the City of Atlanta where the construction project exceeds $10,000. The enumerations of error contend that the state has not pre-empted the field in adopting the Georgia minimum wage law, supra, and that the ordinance is not unconstitutional as a special law in conflict with the general law of statewide operation since it is not a minimum wage law. However, the lower court held otherwise in that a "prevailing wage" to employees of contractors performing City of Atlanta construction projects amounts to a minimum wage law. The city does not have the authority to require any such contractors who are subject to the Georgia minimum wage law to become subject to the minimum wage provisions of any Act of Congress. Of course, if any such employer-employees are subject to the minimum wage provisions of any Act of Congress the Georgia minimum wage law of Georgia does not apply. See Code Ann. § 54-1206, supra. It is quite clear that these employers as plaintiffs are not farm owners, sharecroppers or land renters (Code Ann. § 54-1202, supra). However, it is not clear whether or not the employers might be exempt from provisions of the law under Code Ann. § 54-1208, supra. The facts upon which the case was heard at the trial do not appear other than the stipulations of fact to which the court has based its findings of fact. Under the circumstances we have no way of determining what other facts were considered other than the findings of fact before us which are not being contested.

The lower court cites such cases as *City of Atlanta v. Hudgins,* 193 Ga. 618 (1) (19 SE2d 508), and *Atlanta & W. P. R. Co. v. Underwood,* 218 Ga. 193 (2), 197 (126 SE2d 785). The Davis-Bacon Act (40 USC § 276 (a) et seq.) was drawn for a specific purpose in the federal government's attempt to provide for work by creating a "prevailing wage" in a geographical area. It is clearly shown here that the city by adopting this procedure has created a minimum wage which it does not have authority to do. See also *City of Atlanta v. Stein,* 111 Ga. 789 (36 SE 932); *Wilson v. City of Atlanta,* 164 Ga. 560 (139 SE 148).

We do not consider many of the arguments listed by the appellant in its brief with reference to injunctive relief

but consider the case solely on the stipulation of facts as stated by the court in its findings of fact, there being no transcript before this court. Therefore, considering the enumerations of error based upon the alleged ruling of the trial court, the City of Atlanta by adopting a "prevailing wage" has adopted a minimum wage which is unconstitutional, null and void as a special law in conflict with the general law of statewide operation, and we must affirm.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED APRIL 4, 1977 — DECIDED JULY 6, 1977 — REHEARING DENIED JULY 29, 1977—

*Ferrin Y. Mathews, Isabel Gates Webster,* for appellant.

*Gettle & Fraser, L. Spencer Gandy, Moffett, Henderson & Bishop, John Walton Henderson, Jr., Michael C. Fowler,* for appellees.

*Jacobs, Jacobs & Davis, Joseph Jacobs, James T. Langford,* amicus curiae.