63468, 63469. JONES v. ZEZZO (two cases).

BIRDSONG, Judge.

Contempt. This court infrequently is dismayed by cases that appear before it where the trial court and/or counsel apparently become personally involved. Such is this case. That involvement manifests itself by counsel carelessly misstating facts or misapplying cases to support their positions. We abhor such involvement. Members of the legal profession are trained to be dispassionate and objective.

This convoluted case started when the appellant Jones, an attorney and member of the Georgia Bar, was descending in an elevator in the Fulton County Courthouse. He detected someone smoking a cigarette on the elevator and upon making an oral inquiry, the appellee Zezzo, a court employee, acknowledged that he was the one smoking. Jones proceeded to seek to obtain a warrant charging Zezzo with violating a state statute prohibiting smoking in designated public places. Judge Duke refused to issue the warrant or to sanction the charge. Jones thereafter brought a civil suit against Zezzo complaining that Zezzo had committed a battery against Jones by forcing him to be exposed to and inhale cigarette smoke, seeking $5,000 damages. Zezzo answered generally denying the complaint and filed a cross complaint asserting malicious prosecution and seeking vindictive damages for injuries to his peace, happiness and well-being. Zezzo sought one dollar nominal damages and $100,000

punitive damages.

The parties agreed to an oral deposition of appellant Jones to be taken on January 13, 1981. Jones appeared for the deposition but when he noted that Zezzo and Zezzo's attorney were smoking cigarettes, Jones refused to proceed with the deposition until all smoking ceased and all ash trays had been removed from the room. Zezzo's attorney argued that the ash trays were part of the normal furnishings of the office, and concluded that Jones' demand was arbitrary; the demand was not granted. Consequently, the deposition was not taken. Zezzo filed a formal notice to take Jones' deposition and also filed a motion to compel. Jones counterfiled a motion for protective order seeking a neutral location and that the deposition be taken without the presence of cigarettes. The hearing on the motion to compel and protective order was held on February 6, 1981. The motion to compel was granted and the protective order was denied. Judge Henley granted attorney fees in the amount of $250 plus $55 court reporter's charge for a total of $305. Judge Henley certified an interlocutory appeal on February 10. The interlocutory was filed on February 19, and denied by this court in March 1981. Zezzo filed other notices to take Jones' deposition, the final one to be taken on June 18, 1981. Jones did not appear on that date. Zezzo filed a motion for sanctions on August 31, 1981. This hearing on sanctions was conducted by Judge Federal who reviewed the entire record and transcript up to that point in the case. At the August 31 hearing, the court concluded that Jones had wilfully refused to be deposed by failing to appear on June 18, 1981. Judge Federal found as a fact that Jones had misused a certificate for interlocutory appeal to avoid being deposed by claiming a delay pending an appeal but never filing such an appeal. This conclusion is in error, as the records of this court show that such an appeal was timely filed but denied. Though this finding is in error, we conclude it to be harmless as there is no indication that it played any part in the ultimate disposition of this case. Judge Federal also found Jones in contempt for refusing to appear to be deposed on June 18 in accordance with the order of Judge Henley on February 6. Judge Federal ordered Jones to pay $250 attorney fees, $28.35 court reporter fee in addition to the $305 previously ordered to be paid by Judge Henley in February, and to appear for an oral deposition on September 21, 1981. Jones was ordered to appear before Judge Federal on September 28 if he did not allow himself to be deposed on September 21 to show cause why he had not complied with the September 10 order directing him to appear for deposing on September 21, and as a sanction why his complaint should not be dismissed, and default judgment entered on the cross complaint. On September 16, Jones filed another protective

order seeking to avoid disclosing financial records which had been made the subject of a motion to compel by Zezzo on September 5. Jones also filed a motion to dismiss the cross complaint on September 16. The protective order relating to financial records was denied on September 16. The motion to dismiss the cross complaint was denied on September 17. On September 18, Jones furnished Zezzo a letter stating he would decline to furnish the financial documents at the giving of the deposition on September 21. On September 21, Jones appeared and did give an oral deposition answering questions concerning his financial background. However, no money for attorney fees or court reporter costs was ever paid, nor did Jones produce any of the financial documents. On September 28, Jones once again appeared before Judge Federal who found that Jones was in continued contempt of Judge Henley's order as well now as that of Judge Federal. At this hearing, Judge Federal found no reasonable excuse for failure to produce the financial documents or to pay the attorney fees and court reporter costs as ordered. A default judgment was entered as to the counterclaim reserving only the issue of damages. Jones was ordered to produce all financial documents and to pay an additional $250. Jones filed an appeal with this court on October 2, 1981, from the order entered by Judge Federal on September 10. He filed a second notice of appeal on October 26 to the order entered by Judge Federal entered on September 28. The cases arise out of the same transaction, and thus have been consolidated for consideration as one case. Appellant Jones has raised some 14 enumerations of error. *Held:*

In substance Jones argues that Judge Federal should have dismissed the cross complaint for failure to state a cause of action. However, in considering such a motion the pleader is entitled to any and all favorable inferences which might be drawn from the allegations in order to support his claim for relief. *Poole v. City of Atlanta,* 117 Ga. App. 432 (160 SE2d 874). By his wilful contempt of the orders of discovery of two judges, appellant has as a sanction suffered a default judgment and thereby forfeited any claim that the cross complaint fails to state a cause of action. Moreover, we are satisfied that at least one of the two, if not both counts, sufficiently states a cause of action to avoid the grant of such a motion. Additionally, Jones contends that the trial court erred in denying his protective order concerning the disclosure of his financial records. While we might be disposed to agree that all the records pertaining to past financial conditions including tax returns may not be relevant or discoverable, certainly present financial conditions are relevant to a count of vindictive damages. *Williamson v. Weeks,* 142 Ga. App. 149 (235 SE2d 587). By his letter of September 18, Jones indicated his

refusal to submit any documents including those pertaining to present financial conditions. Thus, it ill-behooves him to argue that the trial court erred in finding him in contempt for refusal to produce financial documents.

The remainder of appellant's enumerations deal with the actions of Judge Federal in assessing attorney fees, court reporter costs, entering default judgment, and holding him in continuing contempt. Each of these actions are fully warranted under the facts and authorized by the Code of Civil Procedure (Code Ann. § 81A-137(b) (2)). See *Nickerson v. Candler Bldg.,* 156 Ga. App. 396 (274 SE2d 582); *Retail Credit Co. v. United Family Life Ins. Co.,* 130 Ga. App. 524 (203 SE2d 760). Neither appellant nor the bench or bar of this state would benefit from a detailed examination of the remainder of appellant's enumerations nor mere reference to citations of authority in support of this court's actions pertaining thereto. Accordingly, we will confirm the orders of the trial court without opinion in accordance with Rule 36 of this court.

*Judgments affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 12, 1982 —
REHEARING DENIED MAY 6, 1982 — 

*Randy S. Jones,* pro se.
*Thomas C. Blaska, Claude Ross,* for appellee.