**FIRST DIVISION**
**BARNES, P. J.,**
**HODGES and LAND, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 17, 2023**

# In the Court of Appeals of Georgia

A23A0295. NANOVENTIONS, LLC v. DANIELS a/ka/ STEVEN
        DANIEL et al.

LAND, Judge.

Nanoventions Holdings, LLC ("Nanoventions") appeals from the trial court's
final order and judgment as to BIW Enterprises, LLC ("BIW") entered on April 19,
2022[1]; its order and judgment as to defendants Steven Daniels a/k/a Steven Daniel
("Daniels") and Bonnie Hutchinson entered on December 12, 2018; and its order
denying Nanoventions's motion for reconsideration entered on March 8, 2019. On
appeal, Nanoventions claims that the trial court erred in denying its demand for
damages and attorney fees against Hutchinson, including those fees mandated by

---

[1] Although Nanoventions purports to appeal the trial court's final order and
judgment as to BIW, Nanoventions does not enumerate any error with regard to that
order.

OCGA § 16-14-6 (c). We reverse the trial court's judgment as to the availability of damages against Hutchinson and remand for further proceedings as to the amount of damages awarded against Hutchinson and fees properly awarded against her, Daniels, and BIW.

Construed in favor of the judgment, the record shows that, over several years while serving as Chief Financial Officer, Daniels stole nearly $2 million from his employer, Nanoventions. Some of those stolen funds were used to fund BIW, a Georgia limited liability corporation of which Daniels was a member. BIW's purpose was to provide consulting for medical marijuana co-ops. Some of the stolen funds were used to purchase a home owned jointly by Daniels and Hutchinson, who was Daniels's fiancée at the time in question. Daniels's theft was eventually discovered by Nanoventions and he was arrested, indicted, and convicted of various offenses in Forsyth County, Georgia related to the theft.

Nanoventions sued Daniels, Hutchinson, BIW, Karen Jacobs, Ronnie Hicks, and multiple other individuals and entities (collectively, "unspecified defendants"). The complaint consisted of nine counts:[2] Counts 1-3 (violations of OCGA § 16-14-4

---

[2] Unless otherwise indicated, the allegations were pled against all the defendants.

(a), (b), and (c), respectively, of the Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act); Count 4 (fraud against Daniels only); Count 5 (conversion against Daniels only); Count 6 (breach of fiduciary duty against Daniels only); Count 7 (unjust enrichment); Count 8 (punitive and treble damages); and Count 9 (bad-faith attorney fees pursuant to OCGA § 13-6-11).

In a previous appeal,[3] this Court described the relevant procedural history of this litigation as follows:

> Over the course of the litigation, the trial court dismissed several of the unspecified defendants from the action without prejudice and Nanoventions filed a "Dismissal without prejudice and acknowledgment of service," purporting to dismiss the other unspecified defendants.
>
> The trial court granted summary judgment to Nanoventions on most of its claims against Daniels, and the court subsequently entered a judgment awarding Nanoventions damages against Daniels in the amount of $6,147,729.93. [H]owever, the trial court denied Nanoventions' request for summary judgment as to its claim for conversion (Count 5), concluding that there were genuine disputes of material fact. In addition, the summary judgment order did not address Nanoventions' claim for unjust enrichment (Count 7). The trial court entered a default judgment against BIW, reserving the issue of damages.

---

[3] This is the second appearance of this case in this Court.

The trial court also entered a default judgment against Hutchinson [after striking her answer as a discovery sanction] , but ultimately concluded that Nanoventions was not entitled to collect damages from her. And . . . the trial court entered . . . [an order] granting judgment on the pleadings to Jacobs and Hicks.

Case No. A21A0167 (June 18, 2021). Nanoventions filed a motion for reconsideration of the court's order and judgment as to Daniels and Hutchinson, which the court denied. Nanoventions filed a direct appeal, which we dismissed, explaining that Nanoventions's conversion and unjust enrichment claims against Daniels remained pending, the issue of damages against BIW remained pending, and Nanoventions's failure to follow the required interlocutory appeal procedures under OCGA § 5-6-34 (b) deprived us of jurisdiction over the appeal.

Back in the trial court, Nanoventions's claims for conversion and unjust enrichment against Daniels were voluntarily dismissed without prejudice. The court held a hearing on the issue of damages against BIW and entered a "Final Order and Judgment" on April 19, 2022, awarding Nanoventions compensatory damages of $135,000 against BIW, along with attorney fees and costs of $123,737.50 and post-judgment interest. Nanoventions then filed this direct appeal.

4

1. We first consider whether the trial court erred when it concluded that Nanoventions was not entitled to damages against Hutchinson because the complaint did not plead RICO violations against her with sufficient particularity.

The trial court entered default judgment against Hutchinson based on her "willful" failure over a period of years to comply with its discovery orders. This Court has held that a party who has had a default judgment entered against it as a discovery sanction has forfeited the right to argue that the complaint against that party is inadequately pled. "By [her] wilful contempt of the orders of discovery," Hutchinson "has as a sanction suffered a default judgment and thereby forfeited any claim that the . . . complaint fails to state a cause of action." *Jones v. Zezzo*, 162 Ga. App. 281, 283 (290 SE2d 312) (1982).

Further, as in *Zezzo*, this complaint states a cause of action because it alleges that Hutchinson participated in the conspiracy to plunder Nanoventions's assets and to benefit from that plunder. See *Zezzo*, 162 Ga. App. at 283 (reversing the grant of motion to dismiss where the complaint stated a cause of action). Although at least two acts by members are necessary to ground a RICO conspiracy claim, an individual member of that conspiracy need undertake only one act to be found to have participated in it. See *Faillace v. Columbus Bank & Trust Co.*, 269 Ga. App. 866, 868

5

(2) (a) (i) (605 SE2d 450) (2004) "[W]hat matters is the existence of a pattern of criminal activity (including at least two interrelated acts) and *each defendant's participation in that pattern, whether by one act or more*") (emphasis supplied).

Here, the trial court found in 2015, when it granted Nanoventions's preliminary injunction, that (as an investigator testified) Daniels and Hutchinson used stolen funds to purchase their Cumming residence, the deed to which was held by both of them, by means of a single 2012 wire transfer of approximately $241,000. Hutchinson's obtaining of benefit from that act – accepting the deed paid for with her partner's ill-gotten gains – was sufficient to render her a member of the conspiracy adequately pled in this complaint. See *Whaley v. State*, 343 Ga. App. 701, 704 (1) (808 SE2d 88) (2017) (even if a defendant maintained that he was "not aware of the fraudulent nature of the funds" he used in the course of money laundering from an account, "it was entirely within the purview of the jury to reject that defense"). It follows that the trial court erred when it concluded that Nanoventions had failed to state a claim against Hutchinson and declined to award damages against her for that reason. We therefore reverse the trial court's order declining to award damages against Hutchinson and remand the case to the trial court with direction to conduct a damages hearing with respect to the damages sought from Hutchinson.

6

2. Nanoventions argues that the trial court erred in refusing to award it attorney fees as mandated by OCGA § 16-14-6 (c). "Because this question is a legal one, we review the record de novo and apply a plain legal error standard of review." (Citation and punctuation omitted.) *Stewart Ausband Enterprises v. Holden*, 349 Ga. App. 295, 297 (1) (826 SE2d 138) (2019).

OCGA § 16-14-6 (c) provides in relevant part:

> Any person who is injured by reason of any violation of Code Section 16-14-4 [listing prohibited activities under the RICO Act] shall have a cause of action for three times the actual damages sustained and, where appropriate, punitive damages. Such person *shall also recover attorney's fees in the trial and appellate courts* and costs of investigation and litigation reasonably incurred.

(Emphasis supplied.)

Here, the trial court awarded attorney fees in the full amount incurred against BIW, but declined to do so against Daniel or Hutchinson, and we have not found any binding authority on the question of whether RICO attorney's fees may or must be awarded jointly and severally. See, e.g., *Dee v. Sweet*, 218 Ga. App. 18, 20-21 (2) (a) (460 SE2d 110) (1995) (physical precedent only) ("in light of the practical difficulties required in allocating attorney fees to specific claims in RICO cases, we will not

7

require it unless the unsuccessful claims and those not receiving awards of attorney fees are distinctly different claims for relief . . . based on different facts and legal theories.") (punctuation and citation omitted); *InterAgency, Inc. v. Danco Financial Corp.*, 203 Ga. App. 418, 418 (417 SE2d 46) (1992) (noting a joint and several award of RICO attorney fees, but not addressing its propriety); *Functional Prod. Trading, S. A. v. JITC, LLC*, 2014 WL 3749213 at *22 (N.D. Ga. 2019) (attorney's fees paid by certain defendants could include work related to dismissed defendants if there was "no meaningful distinction" between the work applicable to both). We therefore vacate the trial court's attorney's fees rulings with respect to Daniels, Hutchinson, and BIW, and in addition to the direction given to the trial court in Division 1, we direct the trial court to elicit briefing and conduct a hearing on the issue of attorney's fees against these three defendants (keeping in mind that OCGA § 16-14-6 (c) states that attorney's fees "shall" be recovered by a successful RICO plaintiff) before entering a new order not inconsistent with this opinion.

*Judgment reversed in part and vacated in part, and case remanded with direction. Hodges, J., concurs specially. Barnes, P. J., concurs in judgment only.*

A23A0295. NANOVENTIONS HOLDINGS, LLC v. DANIELS
a/k/a STEVEN DANIEL et al.

HODGES, Judge, concurring specially.

In my opinion, the trial court erred in concluding that Nanoventions Holdings, LLC's complaint failed to state a claim against Bonnie Hutchinson under Georgia's RICO Act. Our cases suggest that pleading with specificity in civil RICO cases is required only when predicate offenses involving actual fraud are alleged. Because the predicate offense in this case is theft by taking rather than fraud, Nanoventions's pleadings were sufficient to state a claim against Hutchinson under Georgia's general notice-pleading rules. In Division 1, the majority reaches the conclusion that Nanoventions's pleadings were sufficient (albeit for different reasons) and, therefore, I concur in the majority's opinion reversing in part the trial court's order declining to

award damages against Hutchinson.[1] I write separately to highlight the difference between these pleading requirements and to note that it is unnecessary to decide here whether Nanoventions's pleadings satisfied the heightened pleading requirements for fraud cases. In view of my agreement with the result reached by the majority in Division 1, I concur fully in Division 2.

Here, the trial court relied upon a line of federal case law, grounded in the Federal Rules of Civil Procedure, holding that civil RICO claims "are essentially a certain breed of fraud claims" that, apparently universally, require "an increased level of specificity" in pleadings. *Pombert v. Glock, Inc.*, 171 FSupp3d 1321, 1335 (III) (B) (N. D. Ga. 2016); see also *Ambrosia Coal & Constr. Co. v. Morales*, 482 F3d 1309, 1316-1317 (II) (a) (iii) (11th Cir. 2007) (same); *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F3d 1364, 1380-1381 (III) (E) (11th Cir. 1997); compare *Miccosukee*

---

[1] I further agree with the majority that, by virtue of the sanctions imposed against her, Hutchinson has waived any challenge to the sufficiency of Nanoventions's pleadings and to the remedy of a motion for more definite statement. See *Jones v. Zezzo*, 162 Ga. App. 281, 283 (290 SE2d 312) (1982). However, by holding that Nanoventions's complaint "states a cause of action because it alleges that Hutchinson participated in the conspiracy to plunder Nanoventions's assets and to benefit from that plunder[,]" the majority invites the question of what pleading requirements apply and, if heightened requirements do apply, whether Nanoventions's pleadings satisfied those requirements. Because I do not believe that these heightened requirements are implicated in this case, I express no opinion on whether Nanoventions's pleadings satisfy those requirements.

*Tribe of Indians of Fla. v. Cypress*, 814 F3d 1202, 1212 (IV) (11th Cir. 2015) ("When a plaintiff asserts RICO and RICO conspiracy claims, the court must look at the underlying allegations of racketeering predicates to determine the nature of the alleged wrongdoing. When the underlying allegations assert claims that are akin to fraud, the heightened pleading standards of Rule 9(b) apply to the RICO claims."). In contrast, Georgia cases applying state law suggest that the need for more specific pleadings may differ based upon the predicate offense alleged — in this case, theft by taking rather than fraud. See *Z-Space, Inc. v. Dantanna's CNN Center*, 349 Ga. App. 248, 254 (2) (c) (825 SE2d 628) (2019) (holding that "allegations of *mail and wire fraud* in a civil RICO action must not only be pled in accordance with the heightened pleading standard of OCGA § 9-11-9 (b), but also are required to include such matters are the time, place, and content of the alleged misrepresentations, as well as who made the alleged misrepresentations and to whom") (emphasis supplied); see also *Bazemore v. U. S. Bank, N. A.*, 363 Ga. App. 723, 730 (c) (872 SE2d 491) (2022) ("*The claims for theft and residential mortgage fraud are sufficiently pled*. The Bazemores' claims for theft by deception, mail fraud, and wire fraud are not pled with the requisite degree of particularity, but this is not fatal at the motion to dismiss stage,

4

as the trial court should treat the motion to dismiss as a motion for more definite statement as to those claims.") (emphasis supplied).

Under our cases, then, it appears that an allegation of a RICO predicate offense of theft by taking — or, for that matter, any of the panoply of potential predicate offenses which do not directly involve actual fraud — is subject only to our general notice-pleading requirements. See *Bazemore*, 363 Ga. App. at 730 (c); *Z-Space*, 349 Ga. App. at 254 (2) (c); see also *Campbell v. Ailion*, 338 Ga. App. 382, 384-385 (790 SE2d 68) (2016) ("[T]he Georgia Civil Practice Act requires only notice pleading and … pleadings are to be construed liberally and reasonably to achieve substantial justice.…") (citation and punctuation omitted). I believe that Nanoventions's pleadings satisfied those requirements, and, therefore, I concur.